IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, MOCHIDA PHARMACEUTICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HIKMA PHARMACEUTICALS USA INC., HIKMA PHARMACEUTICALS PLC, AND HEALTH NET, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 20-1630-RGA-JLH |

## MEMORANDUM ORDER

Plaintiffs Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited (collectively, "Amarin"), and Mochida Pharmaceutical Co., Ltd. ("Mochida") filed this suit against Defendants Hikma Pharmaceuticals USA Inc., Hikma Pharmaceuticals PLC (collectively, "Hikma"), and Health Net, LLC ("Health Net"). Plaintiffs allege that Hikma and Health Net have each induced infringement of U.S. Patent Nos. 9,700,537 (the '537 patent), 8,642,077 (the '077 patent), and 10,568,861 (the '861 patent) under 35 U.S.C. § 271(b). Health Net has moved to sever the claims alleged against it from those alleged against Hikma. For the reasons stated below, Health Net's motion to sever is DENIED without prejudice to its ability to request a separate trial at a later date.

1. Plaintiffs' allegations against Hikma and Health Net are described in detail in my Report and Recommendation on Defendants' pending motions to dismiss, which I am issuing contemporaneously with this order.

2. Federal Rule of Civil Procedure 21 permits district courts to sever any claim against a party and proceed with the claims separately. Fed. R. Civ. P. 21. Health Net argues that the

Court should sever Plaintiffs' claims against Health Net from those alleged against Hikma because Health Net and Hikma were improperly joined as defendants in the first place.

3. Accused infringers can only be joined as defendants in a single action if the requirements set forth in 35 U.S.C. § 299(a) are met. That statute provides, in pertinent part:

> **(a) Joinder of Accused Infringers.**—With respect to any civil action arising under any Act of Congress relating to patents, . . . parties that are accused infringers may be joined in one action as defendants . . . , or have their actions consolidated for trial, only if—
>
> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants . . . will arise in the action.

35 U.S.C. § 299(a). Health Net says that § 299(a)(1) prohibits Plaintiffs from joining Health Net and Hikma as defendants in this action. Plaintiffs say it does not.

4. Having carefully reviewed and considered the parties' briefing and oral argument, I think it's fair to say that the heart of the disagreement between the parties is as follows. Health Net says, in essence, that the statute's requirement that the right to relief arise out of "the same transaction, occurrence, or series of transactions or occurrences," § 299(a)(1), means that the *actions of the defendants that are alleged to constitute the inducing conduct* must be factually overlapping. According to Health Net, there is no such overlap here because Hikma is alleged to induce infringement based on its generic product label and press releases that encourage the use of Hikma's product in an infringing way, and Health Net is alleged to induce infringement based on its drug formulary and prior authorization process that encourage the use of Hikma's product in an infringing way. (*See, e.g.*, D.I. 49 (Health Net's Reply Br.) at 6 ("Amarin's requested relief

. . . relates to the transactions Amarin contends constitute indirect infringement. Because there is no overlap there, joinder is not allowed.").) In contrast, Plaintiffs contend that their respective claims for relief against Hikma and Health Net satisfy the statute because they are each alleged to induce *the same act of direct infringement*, that is, the dispensing and use of Hikma's product for the CV indication. (*See* D.I. 43 (Plaintiffs' Ans. Br.) at 8 ("[T]he same series of transactions or occurrences gives rise to Amarin's requested relief from infringement: the dispensing and use of Hikma's generic for the infringing CV Indication . . . .").)

5.  I agree with Health Net that, if the Court only considers the acts alleged to be inducing, there is little overlap in the allegations against Health Net and Hikma. But I am not persuaded that Health Net's interpretation of the statute is correct. The statute refers to a "right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the . . . using . . . of the same accused . . . process." 35 U.S.C. § 299(a)(1). That language appears to be broad enough to encompass situations, like this one, where both defendants are alleged to induce the same act of direct infringement of a method patent. Health Net cites the Federal Circuit's opinion in *In re EMC Corp.*, 677 F.3d 1351 (Fed. Cir. 2012), but that case did not involve defendants who were each alleged to induce the same act of direct infringement. *Id.* at 1352 (assessing joinder of independent defendants who offered similar, but distinct, accused products).[1]

---

[1] I reject Health Net's apparent suggestion that joinder is improper under § 299(a)(1) unless the defendants are alleged to be "jointly and severally liable." (D.I. 32 at 8 n.6; D.I. 49 at 5.) The statute, by its terms, permits joinder of defendants regardless of whether "relief is asserted . . . jointly, severally, or in the alternative." 35 U.S.C. § 299(a)(1).

6.      Subsection 299(a)(2) is also satisfied, as there is no serious dispute that the action will involve some "questions of fact common to all defendants," for example, questions relating to direct infringement and validity.

7.      But just because claims against two defendants may be joined under 35 U.S.C. § 299(a) does not mean that they should remain joined and not be severed.  As Health Net rightly points out, "joinder may still be refused 'in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'"  *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, 330 F.R.D. 143, 147-48 (D. Del. 2019) (quoting *EMC Corp.*, 677 F.3d at 1356).

8.      Health Net argues that it will be prejudiced by joint pretrial proceedings and a joint trial.  I am not persuaded by Health Net's argument as it relates to pretrial proceedings.  Even if I thought that severance were appropriate at this stage (or necessitated by 35 U.S.C. § 299(a)), I would still informally coordinate pretrial proceedings for the two cases as they involve the same patents, the same alleged act of direct infringement, and overlapping discovery.  In other words, even if the claims are not formally consolidated or ultimately tried together, there are at least some overlapping factual and legal issues that will be addressed more efficiently by coordinating fact and expert discovery and claim construction.[2]

9.      Health Net may well be right that it would be inappropriate to try these cases together.  But I don't need to make that determination now.  Health Net may reraise its motion to sever at the same time case dispositive motions are due.  The Court will be in a better position at

---

[2] A Scheduling Order contemplating coordinated pretrial proceedings has already been entered.  (*See* D.I. 50.)

that time to understand what issues need to be tried and to make a decision about whether a joint trial is appropriate.

Accordingly, Health Net's motion to sever is DENIED. Health Net may move for a separate trial at the same time the parties file their case dispositive motions.

Dated:   August 3, 2021

_____
Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE