IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, MOCHIDA PHARMACEUTICAL CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>HIKMA PHARMACEUTICALS USA INC., HIKMA PHARMACEUTICALS PLC, AND HEALTH NET, LLC<br><br>Defendants. | C.A. No. 20-1630-RGA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANT
HEALTH NET, LLC'S COUNTERCLAIMS**

Plaintiffs Amarin Pharma, Inc. and Amarin Pharmaceuticals Ireland Limited ("Amarin") and Mochida Pharmaceutical Co., Ltd. ("Mochida") (collectively, "Plaintiffs"), by their attorneys, hereby respond to Defendant Health Net, LLC's ("Health Net") February 2, 2022 counterclaims.

## THE PARTIES

1. Health Net, LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 21281 Burbank Boulevard in Woodland Hills, California 91367.

**ANSWER**: Admitted.

2. Amarin Pharma, Inc. is a company organized under the laws of Delaware with its principal place of business at 440 Route 22, Suite 330, Bridgewater, NJ 08870.

**ANSWER**: Admitted.

3. Amarin Pharmaceuticals Ireland Limited is a company incorporated under the laws of Ireland with registered offices at 88 Harcourt Street, Dublin 2, Dublin, Ireland.

**ANSWER:**  Admitted.

4. Mochida Pharmaceutical Co., Ltd. is a company incorporated under the laws of Japan with its principal place of business at 1-1, Ichigayahonmuracho, Shinjuku-ku, Tokyo 162-0845, Japan.

**ANSWER:**  Admitted.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that the counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., as well as 28 U.S.C. §§ 2201 and 2202. Furthermore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because these counterclaims arise out of the same common set of facts and conduct as Amarin's alleged federal claims for relief.

**ANSWER**:  Paragraph 5 contains conclusions of law, and therefore no response is required.  To the extent that a response is required, Plaintiffs admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1367.  Denied as to rest.

6. This Court may declare the rights and other legal relations of the parties involved pursuant to 28 U.S.C. §§ 2201 and 2202 because this action is based on a case or actual controversy within the Court's jurisdiction seeking a declaratory judgment that the selection or listing of a generic product on Health Net formularies, including on a preferred tier, providing coverage for the generic product, use of a prior authorization for Amarin's Vascepa product and/or a generic product, or any of the other actions Amarin alleges in its Complaint that Health Net performs do not constitute infringement of U.S. Patent Nos. 9,700,537 (the "'537 Patent") 8,642,077 (the "'077 Patent"), and/or 10,568,861 (the "'861 Patent").

**ANSWER**:  Paragraph 6 contains conclusions of law, and therefore no response in required.  To the extent that a response is required, Plaintiffs admit that this Court this court has jurisdiction under 28 U.S.C. §§ 2201 and 2202.  Denied as to rest.

7. This Court has personal jurisdiction over each Counterclaim-Defendant because, among other things, each has transacted business and engaged in commerce in this judicial district and further because each availed itself of the legal protections of the State of Delaware by, among other things, filing its claims of patent infringement in the above-captioned litigation.

**ANSWER:** Paragraph 7 contains conclusions of law, and therefore no response in required. To the extent that a response is required, Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs for purposes of this action. Denied as to rest.

8. This Court also has personal jurisdiction over Amarin Pharma, Inc. because it is incorporated in Delaware and thus is present in and resides in this District, and because it is doing business in this District and has thus purposefully availed itself of the privileges of conducting business in Delaware.

**ANSWER**: Paragraph 8 contains conclusions of law, and therefore no response in required. To the extent that a response is required, Plaintiffs admit that this Court has personal jurisdiction over Amarin Pharma, Inc. Denied as to rest.

9. Venue is proper in this Court under both 28 U.S.C. §§ 1400(b) and 1391 because Amarin Pharma, Inc. is incorporated in Delaware and therefore resides within this judicial district. Amarin Pharmaceuticals Ireland Limited and Mochida Pharmaceutical Co. Ltd. are foreign entities not residing in any United States judicial district and may be sued in any judicial district.

**ANSWER**: Paragraph 9 contains conclusions of law, and therefore no response in required. To the extent that a response is required, Plaintiffs admit that, for this action, venue is proper in this Court. Denied as to rest.

## FACTUAL BACKGROUND

### A. The Prescription Process

10. The prescription process begins when a patient visits a licensed physician or other healthcare providers with licensed prescription authority. Only after evaluating the patient can the provider prescribe medication, using the provider's own medical judgment.

**ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore deny them.

11. When completing the prescription, the provider has the option to indicate that substitutions of the prescribed drug are not allowed. This is often indicated by simply checking a box on the prescription pad "do not substitute" or including handwritten directions to that effect.

> **ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore deny them.

12. After the prescription is written by the provider, the prescription is sent to a pharmacy that the patient has requested. For example, a patient may request that a prescription be sent to a common commercial pharmacy, such as Walgreens or CVS, that is near their home or work.

[Image of a blank prescription pad form from Health Clinic, John Doe, MD, DEA #: JD1234567 • LIC #: 012345678A, 200 Riverside Industrial Parkway, Portland, ME 04103, Tel: (207) 307-7717 • Fax: (207) 893-0177. Form fields include Name, DOB, Address, Date, Sex, Rx, checkboxes for 1-24, 25-49, 50-74, 75-100, 101-150, 151 and over, Units, Refills NR 1 2 3 4 5, Void after, Do Not Substitute, Signature, MD. Text at bottom: "PRESCRIPTION IS VOID IF THE NUMBER OF DRUGS PRESCRIBED IS NOT NOTED"]

> **ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore deny them.

13. After receiving the prescription, the pharmacist will check the doctor's prescribed information, which includes the medication prescribed, the indications, the quantity of medication prescribed, and additional factors and enter the prescription into the pharmacy's record system.

> **ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore deny them.

14. The pharmacist also matches the drugs the provider has prescribed against the medical profile of the patient (to the extent this information is available) to determine if the prescribed drugs are likely to cause any allergic reactions, are not suitable for the patient due to any prior medical conditions, or if the prescribed drugs will interact with any other medications the patient is taking. The pharmacist may refuse to fill the prescription until any issues are

resolved by the provider's office. For example, the prescriber may have instructed that one tablet be taken three-times a day for thirty days, but only prescribed thirty tablets. The pharmacist can contact the prescriber's office to clarify any ambiguity or receive confirmation as to any instructions.

**ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore deny them.

15. Under California law, "[p]harmacies are required to provide notice to Consumers with the following text: You may ask the pharmacy for information on drug pricing and of generic drugs." CAL. CODE REGS. tit. 16 § 1707.6(b) (2021).

**ANSWER**: To the extent the allegations of paragraph 15 purport to characterize the contents of a written document, that document speaks for itself. Paragraph 15 further contains conclusions of law, and therefore no response in required. To the extent that a response is required, Plaintiffs admit that Cal. Code Regs. tit. 16 § 1707.6(b) (2021) states that such notice shall contain "You may ask the pharmacy for information on drug pricing and of generic drugs." Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore deny them.

16. California's generic substitution law permits a pharmacist to substitute generic medication unless the provider includes a "do not substitute" instruction. Cal. Bus. & Prof. Code. § 4073.

**ANSWER**: To the extent the allegations of paragraph 16 purport to characterize the contents of a written document, that document speaks for itself. Paragraph 16 further contains conclusions of law, and therefore no response in required. To the extent that a response is required, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore deny them.

17. California law requires the decision whether a generic product is substituted for a prescribed brand product be made by the pharmacist, using their professional medical judgment. Cal. Bus. & Prof. Code §§ 4073, 4024, 4052.5.

**ANSWER**: To the extent the allegations of paragraph 17 purport to characterize the contents of a written document, that document speaks for itself. Paragraph 17 further contains conclusions of law, and therefore no response in required. To the extent that a response is required, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore deny them.

18. After the medical details have been entered into the pharmacists' computer system, the pharmacist then triages the claim by either billing the prescription to a patient's insurance plan, billing the prescription to a savings card, or having the prescription filled on its cash price.

**ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore deny them.

19. If the pharmacist bills the prescription to the patient's insurance plan, the pharmacist first must identify the patient's insurance plan. Once the correct plan has been identified and the prescription information entered into the pharmacist's computer system, the pharmacist's computer system automatically indicates whether the prescription is covered by the patient's health insurance through a process known as "instantaneous adjudication."

**ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore deny them.

20. The pharmacist's computer system indicates whether the prescription has been approved, outright rejected, or conditionally rejected by the patient's insurance plan. A prescription may be outright rejected if the prescription is not on the insurance company's formulary, which is a list of prescription drugs covered by a prescription drug plan.

**ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore deny them.

21. A prescription may be conditionally rejected for various reasons, including the requirement for a prior authorization (sometimes called a preauthorization), quantity limits, or the need for step therapy, which requires the patient to first try another, alternative, medication.

**ANSWER**: Plaintiffs admit that prescriptions may be rejected for a variety of different reasons, including the requirement for a prior authorization. Plaintiffs are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21, and therefore deny them.

22. An insurance provider may require the submission of a prior authorization in several situations, including for: medications that may be unsafe when combined with other medications; medical treatments that have lower-cost, but equally effective, alternatives available; medical treatments and medications that should only be used for certain health conditions; medical treatments and medications that are often misused or abused; and drugs often used for cosmetic purposes.

**ANSWER**: Plaintiffs admit that some insurance providers require the submission of a prior authorization before approving a prescription in certain circumstances. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22, and therefore deny them.

23. The American Medical Association ("AMA") reports that many physicians are unaware of whether a drug requires a prior authorization when the provider prescribes that medication.[1] In addition, the AMA further reports that 79% of physicians abandon treatment when asked to perform a prior authorization.[2]

**ANSWER:** To the extent the allegations of paragraph 23 purport to characterize the contents of a third-party video, that video speaks for itself. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore deny them.

24. The prescription is "filled" only after the provider has prescribed the medication and the pharmacist has independently determined that the prescribed drug is appropriate for the patient.

**ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore deny them.

---

[1] *The Prior Authorization Burden*, the American Medical Association ("AMA") available at https://youtu.be/wlZu2Osdz3A (last accessed January 27, 2022).
[2] *Id.*

### B. Health Net Provides Drug Coverage in California

25. Health Net has multiple formularies that identify the drugs that Health Net will cover according to its agreement with its members.

**ANSWER**: Plaintiffs admit that Health Net has at least the formularies that are identified in Exhibits CC, DD, and EE of Plaintiffs' First Amended Complaint. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25, and therefore deny them.

26. Health Net provides prescription coverage predominately for California residents or employees of California businesses.

**ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore deny them.

27. California Health and Safety Code § 1367.205 dictates a formulary must include:

> A description of the drug tiers in the formulary, if the drugs are grouped into tiers. The description shall include tier numbers designating the tiers and shall accurately describe the types of prescription drugs placed in each tier. The same description shall be used in the corresponding coverage documents. The description shall explain how to determine the following: (A) which prescription drugs on the formulary are preferred drugs; and (B) the cost sharing for each drug tier.

California Health and Safety Code § 1367.205; *see also* CAL. CODE REGS. tit. 28, § 1300.67.205 (2021) (outlining structure and content of issuers formulary including minimum requirements); CAL. CODE REGS. tit. 10 § 2218.82 (2021) (same).

**ANSWER**: To the extent the allegations of paragraph 27 purport to characterize the contents of a written document, that document speaks for itself. Paragraph 27 further contains conclusions of law, and therefore no response in required. To the extent that a response is required, Plaintiffs admit that Cal. Code Regs. tit. 28 § 1300.67.205 (2021)(d)(6) states that "A description of the drug tiers in the formulary, if the drugs are grouped into tiers. The description shall include tier numbers designating the tiers and shall accurately describe the types of prescription drugs placed in each tier. The same description shall be used in the corresponding

8

coverage documents. The description shall explain how to determine the following: (A) which prescription drugs on the formulary are preferred drugs; and (B) the cost sharing for each drug tier." Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27, and therefore deny them.

      28.    Consistent with this requirement, Health Net's formularies explain that the listed drugs are grouped into one of five tiers:

| Tier | Copayment/Coinsurance | Description |
| --- | --- | --- |
| Tier 1 (Preferred Generic Drugs) | Tier 1 copayment | Includes preferred generic drugs. |
| Tier 2 (Preferred Brand Drugs) | Tier 2 copayment | Includes preferred brand drugs. |
| Tier 3 (Non-Preferred Drugs) | Tier 3 copayment | Includes non-preferred brand and non-preferred generic drugs. |
| Tier 4 (Injectable Drugs) | Tier 4 copayment | Includes injectable drugs that do not meet the CMS cost threshold required to be placed on Tier 5. |
| Tier 5 (Specialty Tier) | Tier 5 copayment or coinsurance | Includes high cost brand and generic drugs. Drugs in this tier are not eligible for exceptions for payment at a lower tier. |

*See* Ex. CC to Complaint at ix.

      **ANSWER**: To the extent the allegations of paragraph 28 purport to characterize the contents of a written document, that document speaks for itself. Plaintiffs admit that the chart in paragraph 28 is reproduced in Ex. CC to Plaintiffs' First Amended Complaint. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28, and therefore deny them.

      29.    The language Health Net uses in its California formularies mirrors the California Department of Managed Care and Department of Insurance template formulary. CAL. CODE REGS. tit. 28 § 1300.67.205 (2021); CAL. CODE REGS. tit.10 § 2218.82 (2021).

      **ANSWER**: To the extent the allegations of paragraph 29 purport to characterize the contents of a written document, that document speaks for itself. Paragraph 29 further contains conclusions of law, and therefore no response in required. To the extent that a response is

required, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore deny them.

30. The placement of a drug on a specific tier is done automatically by computer software and is based on the pricing set by the drug manufacturers.

**ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore deny them.

31. Health Net subscribes to MediSpan, a national database that codes drugs as either N (brand without generic), O (brand with generic available), or Y (generic). When a provider prescribes a drug and the drug information is entered into the pharmacy computer system, as described above, the system indicates whether the prescribed drug is classified as N, O, or Y. If a generic is available for at least some indications, the associated brand is coded as O.

**ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore deny them.

32. MediSpan classifies Vascepa as code O without specifying that the available generic does not cover any indications.

**ANSWER**: Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore deny them.

33. Vascepa is listed on Health Net's formularies. Health Net requires step therapy before Vascepa can be prescribed.

**ANSWER**: Plaintiffs admit that Vascepa® is listed on at least Health Net's formularies described in Exhibits CC, DD, and EE to Plaintiffs' First Amended Complaint. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33, and therefore deny them.

34. Health Net also requires a prior authorization before it will pay for Vascepa.

**ANSWER**: Plaintiffs admit that Vascepa® is only covered if prescribed for a condition listed on Health Net's Prior Authorization form. Plaintiffs are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 34, and therefore deny them.

35. There are currently multiple manufacturers of generic versions of Vascepa, including but not limited to Hikma.

**ANSWER**: Plaintiffs admit that FDA has approved ANDAs that would permit Hikma, Apotex, and Dr. Reddy's to manufacture generic versions of Vascepa®. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35, and therefore deny them.

36. Upon information and belief, Amarin has authorized and approved at least one entity to market icosapent ethyl capsules that have been designated by FDA as "therapeutically equivalent" to Vascepa.

**ANSWER**: Plaintiffs admit that FDA has approved ANDAs that would permit Hikma, Apotex, and Dr. Reddy's to manufacture generic versions of Vascepa®. Plaintiffs further admit that FDA has assigned a therapeutic equivalence code of "AB" to those ANDAs. Plaintiffs have no authority to authorize and approve ANDAs. Denied as to rest.

**FIRST COUNT**
**(Declaration of Non-Infringement of the '537 Patent)**

37. Health Net re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**: Paragraph 37 does not require a response. To the extent a response is required, Plaintiffs incorporate by reference their responses set forth in paragraphs 1-36.

38. Health Net is entitled to a judicial declaration that the selection or listing of a generic version of Vascepa on Health Net formularies, including on a preferred tier, providing coverage for a generic version of Vascepa, use of a prior authorization for the Vascepa product and/or a generic version of Vascepa, or any of the other actions allegedly performed by Health Net do not constitute infringement of the '537 Patent under 35 U.S.C. § 271(b).

**ANSWER**: Denied.

**SECOND COUNT**
**(Declaration of Invalidity of the '537 Patent)**

39. Health Net re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**: Paragraph 39 does not require a response. To the extent a response is required, Plaintiffs incorporate by reference their responses set forth in paragraphs 1-38.

40. Health Net is entitled to a judicial declaration that the claims of the '537 Patent are invalid for failure to meet one or more of the requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or other judicially-created bases for invalidation and unenforceability.

**ANSWER**: Denied.

## THIRD COUNT
### (Declaration of Non-Infringement of the '077 Patent)

41. Health Net re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**: Paragraph 41 does not require a response. To the extent a response is required, Plaintiffs incorporate by reference their responses set forth in paragraphs 1-40.

42. Health Net is entitled to a judicial declaration that the selection or listing of a generic version of Vascepa on Health Net formularies, including on a preferred tier, providing coverage for a generic version of Vascepa, use of a prior authorization for the Vascepa product and/or a generic version of Vascepa, or any of the other actions allegedly performed by Health Net do not constitute infringement of the '077 Patent under 35 U.S.C. § 271(b).

**ANSWER**: Denied.

## FOURTH COUNT
### (Declaration of Invalidity of the '077 Patent)

43. Health Net re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**: Paragraph 43 does not require a response. To the extent a response is required, Plaintiffs incorporate by reference their responses set forth in paragraphs 1-42.

44. Health Net is entitled to a judicial declaration that the claims of the '077 Patent are invalid for failure to meet one or more of the requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or other judicially-created bases for invalidation and unenforceability.

**ANSWER**: Denied.

## FIFTH COUNT
### (Declaration of Non-Infringement of the '861 Patent)

45.     Health Net re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**: Paragraph 45 does not require a response. To the extent a response is required, Plaintiffs incorporate by reference their responses set forth in paragraphs 1-44.

46.     Health Net is entitled to a judicial declaration that the selection or listing of a generic version of Vascepa on Health Net formularies, including on a preferred tier, providing coverage for a generic version of Vascepa, use of a prior authorization for the Vascepa product and/or a generic version of Vascepa, or any of the other actions allegedly performed by Health Net do not constitute infringement of the '861 Patent under 35 U.S.C. § 271(b).

**ANSWER**: Denied.

## SIXTH COUNT
### (Declaration of Invalidity of the '861 Patent)

47.     Health Net re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

**ANSWER**: Paragraph 47 does not require a response. To the extent a response is required, Plaintiffs incorporate by reference their responses set forth in paragraphs 1-46.

48.     Health Net is entitled to a judicial declaration that the claims of the '861 Patent are invalid for failure to meet one or more of the requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or other judicially-created bases for invalidation and unenforceability.

**ANSWER**: Denied.

## RESPONSE TO DEFENDANT'S PRAYER FOR RELIEF

To the extent that any response to Defendant's Prayer for Relief is necessary, Plaintiffs deny that Defendant is entitled to any relief.

### General Denial

Plaintiffs further deny each allegation contained in Defendant's Counterclaims that are not specifically admitted, denied or otherwise responded to above.

### Plaintiffs' Affirmative Defenses

Defendant's Counterclaims fail to state a claim upon which relief can be granted because Defendant has not alleged sufficient facts supporting Defendant's request for a declaration of invalidity, unenforceability, and non-infringement.

Plaintiffs reserve the right to rely on any other defense that may become available in this case and hereby reserve the right to amend this Response to Defendant's Counterclaims to assert any such defense.

### **PRAYER FOR RELIEF**

Plaintiffs deny any and all allegations not expressly admitted herein.  Plaintiffs further deny that Health Net is entitled to any relief requested or to any relief whatsoever.  Plaintiffs respectfully request that the Court:  (a) dismiss Health Net's Counterclaims with prejudice; (b) enter judgment in favor of plaintiffs; (c) award Plaintiffs their reasonable attorneys' fees and costs incurred in defending against Health Net's Counterclaims pursuant to 35 U.S.C. § 285; and (d) award Plaintiffs such further relief as the Court deems just and appropriate.

Dated:  February 15, 2022

FISH & RICHARDSON P.C.

By:  */s/ Jeremy D. Anderson*
    Jeremy D. Anderson (No. 4515)
    222 Delaware Ave, 17th Floor
    Wilmington, DE  19801
    302-652-5070
    janderson@fr.com

    Elizabeth M. Flanagan (No. 5891)
    Michael Kane
    Deanna J. Reichel
    60 South Sixth Street, #3200
    Minneapolis, MN 55402
    (612) 335-5070
    Emails:  betsy.flanagan@fr.com, kane@fr.com
    reichel@fr.com

    Jonathan E. Singer
    12860 El Camino Real, Suite 400
    San Diego, CA 92130
    (858) 678-5070
    singer@fr.com

**COUNSEL FOR PLAINTIFFS AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, AND MOCHIDA PHARMACEUTICAL CO., LTD.**