IN THE UNITED STATES DISTRICT COURT
FOR THE DISTICT OF DELAWARE

| | |
|---|---|
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, MOCHIDA PHARMACEUTICAL CO., LTD., :<br><br>Plaintiffs, :<br><br>v. :<br><br>HIKMA PHARMACEUTICALS USA INC., HIKMA PHARMACEUTICALS PLC, AND HEALTH NET, LLC :<br><br>Defendants. : | C.A. No. 20-1630-RGA-JLH |

**BRIEF IN SUPPORT OF HIKMA'S MOTION FOR
ENTRY OF FINAL AND APPEALABLE JUDGMENT UNDER
<u>FEDERAL RULE OF CIVIL PROCEDURE 54(b)</u>**

OF COUNSEL:

Charles B. Klein
Claire A. Fundakowski
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
(202) 282-5000

Eimeric Reig-Plessis
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
(415) 591-6808

Alison M. King
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Defendants Hikma
Pharmaceuticals USA Inc. and
Hikma Pharmaceuticals PLC*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................2

    A. Amarin originally filed its claims against Hikma alone and added factually distinct claims against Health Net after Hikma moved to dismiss. ........................2

    B. The Court dismissed all claims against Hikma but did not dismiss Amarin's separate infringement claims against Health Net. ......................................................3

    C. Hikma has consistently sought entry of a final and appealable judgment to obtain patent certainty, which the other parties have not opposed. .........................4

III. LEGAL STANDARD ......................................................................................................5

IV. ARGUMENT ...................................................................................................................7

    A. The dismissal of Amarin's claims against Hikma is a final judgment. ..................7

    B. There is no just reason for delaying entry of an appealable judgment. ..................8

        1. There is no meaningful overlap between the adjudicated claims against Hikma and the unadjudicated claims against Health Net. ...............8

        2. Any possibility that the need for review might be mooted by future developments does not warrant delay. .......................................................10

        3. There is no foreseeable possibility that the Federal Circuit will need to consider the same issue a second time. ..................................................12

        4. There is no counterclaim that could result in any set-off. ..........................13

        5. No miscellaneous factors weigh against immediate review. .....................13

V. CONCLUSION ..............................................................................................................14

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allis-Chalmers Corp. v. Philadelphia Elec. Co.*,
 521 F.2d 360 (3d Cir. 1975) ................................................................................................... 6

*Berckeley Inv. Grp., Ltd. v. Colkitt*,
 455 F.3d 195 (3d Cir. 2006) ............................................................................................ *passim*

*Bogosian v. Gulf Oil Corp.*,
 561 F.2d 434 (3d Cir. 1977) ............................................................................................ 11, 12

*Commissariat à l'Énergie Atomique v. Chi Mei Optoelectronics Corp.*,
 293 F. Supp. 2d 430, 434-35 (D. Del. 2003),
 *vacated on other grounds*, 395 F.3d 1315 (Fed. Cir. 2005) ............................................. 10, 11

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
 446 U.S. 1 (1980) ........................................................................................................... 5, 6, 7

*ImageCube LLC v. The Boeing Co.*,
 No. 04-7587, 2010 WL 331723 (N.D. Ill. Jan. 22, 2010) ..................................................... 10

*Intell. Ventures I LLC v. Cap. One Fin. Corp.*,
 850 F.3d 1332 (Fed. Cir. 2017) ............................................................................................... 6

*Interdigital Commc'ns, Inc. v. ZTE Corp.*,
 No. 13-009-RGA, 2016 WL 3226011 (D. Del. June 7, 2016) ............................................... 7

*Keurig, Inc. v. Sturm Foods, Inc.*,
 No. 10-841-SLR, 2012 WL 12896333 (D. Del. Nov. 2, 2012),
 *aff'd*, 732 F.3d 1370 (Fed. Cir. 2013) ..................................................................................... 7

*Loral Fairchild Corp. v. Victor Co. of Japan*,
 931 F. Supp. 1044 (E.D.N.Y. 1996) ..................................................................................... 10

*Medifast, Inc. v. Minkow*,
 No. 10-0382-CAB (BGS), 2012 WL 13175888 (S.D. Cal. Apr. 13, 2012) .......................... 13

*Polar Electro Oy v. Amer Sports Winter & Outdoor*,
 No. 11-1100-GMS, 2015 WL 13842059 (D. Del. July 17, 2015) ........................................ 10

*Storage Tech. Corp. v. Cisco Sys., Inc.*,
 329 F.3d 823 (Fed. Cir. 2003) ................................................................................................. 6

*Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*,
 482 F.3d 1330 (Fed. Cir. 2007) ............................................................................................... 1

## TABLE OF AUTHORITIES—continued

Page(s)

*Woodard v. Sage Prods., Inc.*,
    818 F.2d 841 (Fed. Cir. 1987)..................................................................................6

**Other Authorities**

Dan Bagatell, "Fed. Circ. Patent Decisions In 2021: An Empirical Review,"
    *Law360* (Jan. 6, 2022), *available at*
    https://www.law360.com/articles/1452355 ............................................................11

Fed. R. Civ. P. 54(b) ...............................................................................................1, 2, 5

## I. INTRODUCTION

Hikma respectfully moves for entry of a final and appealable judgment under Federal Rule of Civil Procedure 54(b). The Court has already dismissed all claims against Hikma (D.I. 97, 98), and the only reason the Court's decision is not immediately appealable is that Amarin's separate claims against another defendant, Health Net, remain pending. Amarin added the claims against Health Net in its first amended complaint (D.I. 17, Counts IV–VI), and those claims are distinct from the now-dismissed claims against Hikma (*id.*, Counts I–III), which Amarin initially brought in its original complaint against Hikma alone (D.I. 1).

Where, as here, "more than one claim" or "multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As shown below, there is "no just reason" to delay entry of final judgment on Amarin's claims against Hikma, which will allow Hikma to achieve patent certainty that would otherwise be delayed for well over a year by the pending litigation against Health Net.

Under the current case schedule, the trial between Amarin and Health Net will not take place until October 30, 2023. D.I. 50 at 14–15, ¶ 20. Even after a verdict, a final judgment on all claims will not be entered until the Court rules on post-trial motions. In the meantime, while Hikma is confident that the decision granting its motion to dismiss is correct, Hikma bears the uncertainty and risk that this decision could one day be reversed—potentially exposing Hikma to damages claims for ongoing sales of its accused generic drug product. That uncertainty frustrates the policy goals of "prompt resolution" and "patent certainty" in pharmaceutical patent disputes, which benefit litigants and consumers alike. *See, e.g.*, *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1342 (Fed. Cir. 2007) (discussing legislative history of Hatch-Waxman amendments "to obtain patent certainty").

No party opposes this motion.[1] Shortly after the Court granted Hikma's motion to dismiss, all parties jointly stipulated to sever Amarin's claims against Hikma from the pending claims against Health Net. D.I. 106. That stipulation, however, did not address the Rule 54(b) standard requiring that "there is no just reason for delay" (Fed. R. Civ. P. 54(b)), and the Court denied the stipulation (D.I. 107). Thus, Hikma now files this unopposed motion to address the Rule 54(b) standard and provide the Court with a reasoned basis for entering a final and appealable judgment on Amarin's dismissed claims.

## II.   BACKGROUND

### A.   Amarin originally filed its claims against Hikma alone and added factually distinct claims against Health Net after Hikma moved to dismiss.

Amarin originally filed this patent infringement case in November 2020 solely against Hikma, which markets a generic version of Amarin's drug product, Vascepa. *See* D.I. 1. Amarin's complaint alleged that Hikma induces infringement of the asserted patents, which claim methods of reducing cardiovascular risk, based on the label for Hikma's generic product and statements in Hikma's press releases and website. *See id*. ¶¶ 90–143.

In January 2021, Hikma moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). D.I. 11, 12. Instead of opposing Hikma's original motion to dismiss, Amarin amended its complaint. D.I. 17. But Amarin did not add or change any claims against Hikma. *See* D.I. 17-1 (redlined complaint). Apart from one additional background paragraph (*id*. ¶ 129), Amarin repeated the same claims and allegations against Hikma that were in its original complaint, while adding new claims and allegations against an unrelated defendant, Health Net (*see id*. ¶¶ 136–62, Counts IV–VI).

---

[1] As set forth in Hikma's accompanying Statement Pursuant to Local Rule 7.1.1, Hikma conferred with Amarin and Health Net before filing this motion. Amarin does not oppose Hikma filing a Rule 54(b) motion, and Health Net takes no position on the proposed motion.

2

Health Net is an insurer, not a drug manufacturer. D.I. 17 ¶ 137. Amarin's theory for why Health Net induces infringement does not involve Hikma's generic drug label or any of Hikma's public statements. *See id*. ¶¶ 136–62. Instead, Amarin's theory against Health Net is based on a separate set of allegations about the insurance industry. *See id*. Specifically, Amarin alleges that formularies used by Health Net include both Amarin's Vascepa and Hikma's generic version of Vascepa as drug products for which Health Net provides insurance coverage. *Id*. ¶¶ 139–41. Based on the placement of Hikma's generic drug product on Health Net's formularies, Amarin alleges that "Hikma's generic version of VASCEPA® has a lower patient copayment than VASCEPA®," which allegedly "encourages pharmacists to dispense it and patients to use it instead of VASCEPA®." *Id*. ¶¶ 145–46.

> **B. The Court dismissed all claims against Hikma but did not dismiss Amarin's separate infringement claims against Health Net.**

After Amarin filed its first amended complaint, both Hikma and Health Net moved to dismiss. D.I. 19, 20, 30, 31. Hikma's motion to dismiss the first amended complaint repeated the same noninfringement arguments that Hikma had raised in moving to dismiss the original complaint. *Compare* D.I. 12 *with* D.I. 20. Before the Court ruled on either motion, Health Net filed a motion to sever Amarin's claims against Health Net from the claims against Hikma. D.I. 32, 33. The Court denied the motion to sever without prejudice to renew "at the same time case dispositive motions are due." D.I. 65 at 4, ¶ 9. Although it denied the motion, the Court "agree[d] with Health Net that, if the Court only considers the acts alleged to be inducing, there is little overlap in the allegations against Health Net and Hikma." *Id*. at 3, ¶ 5.

In January 2021, the Court granted Hikma's motion to dismiss the first amended complaint but denied Health Net's motion to dismiss. D.I. 97, 98. As to Hikma, the Court held that none of the statements in Hikma's generic drug label or Hikma's other public statements "rise to the level

3

of encouraging, recommending, or promoting taking Hikma's generic for the reduction of [cardiovascular] risk," as required by Amarin's asserted patents. D.I. 97 at 8. Thus, the Court held that "Amarin's complaint has failed to plead inducement based on Hikma's label or public statements." *Id*. at 9. By contrast, the Court denied Health Net's motion to dismiss because of Amarin's distinct allegations that Health Net's "formulary placement induces infringement of Plaintiffs' patents by encouraging the use of Hikma's generic for the [allegedly patented] indication," which the Court held raises "factual questions that cannot be resolved on a motion to dismiss." *Id*. at 10, 12.

### C. Hikma has consistently sought entry of a final and appealable judgment to obtain patent certainty, which the other parties have not opposed.

In its order granting Hikma's motion to dismiss, the Court indicated that Amarin "may file a motion in compliance with the Local Rules seeking leave to amend" its complaint a second time. D.I. 98 n.1. But Amarin never requested such an amendment and informed Defendants that Amarin "will not be seeking leave to amend its claims against Hikma." Ex. A at 4. Thus, this case is effectively over before this Court with respect to Hikma.

In the time since the Court granted Hikma's motion to dismiss, Hikma has consistently sought entry of a final and appealable judgment. On January 12, 2022 (the week after the Court granted Hikma's motion to dismiss on January 4), Hikma contacted Amarin to ask whether it would consent to entry of judgment under Rule 54(b). Ex. B. Amarin responded that it preferred to seek severance of the claims against Hikma from the claims against Health Net. *Id*. In the interest of moving forward, Hikma agreed and kept working with Amarin over the following weeks to finalize papers for severance and entry of final judgment. *See* Ex. A at 3–5.

Eventually, after some disputes between Amarin and Health Net that did not concern Hikma (*see id.* at 2–3), the parties stipulated to sever Amarin's dismissed claims against Hikma

4

(D.I. 106). Because the stipulation sought severance and not a Rule 54(b) judgment, however, it did not address the "no just reason for delay" standard. Fed. R. Civ. P. 54(b). The Court denied the stipulation in an oral order dated March 1, 2022. D.I. 107.

On April 1, 2022, after additional discussions, the parties filed a joint status report in which Amarin and Hikma requested a status conference to obtain guidance on the Court's preferred method for entering an appealable judgment. D.I. 108.[2] The Court denied the request, and no status conference took place. D.I. 109. Hikma now moves, without opposition from any party, for entry of a final and appealable judgment. Hikma submits this brief to demonstrate that the standard for entering judgment under Rule 54(b) is met.

## III. LEGAL STANDARD

In cases involving multiple claims or parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Supreme Court has set forth two "steps to be followed in making determinations under Rule 54(b)." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).

First, a court must "determine that it is dealing with a 'final judgment.'" *Id*. The underlying order "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id*. (quotation omitted).

Second, "the district court must go on to determine whether there is any just reason for delay." *Id*. at 8. This determination is left to the court's discretion based on "judicial

---

[2] The status report also clarified that "Amarin no longer asserts U.S. Patent No. 8,642,077 against Hikma and seeks to appeal the Court's Order dismissing the claims against Hikma only as to U.S. Patent Nos. 9,700,537 and 10,568,861." *Id*.

5

administrative interests as well as the equities involved," including "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. at 8.

The Third Circuit has elaborated on this determination and set forth five factors to consider when deciding whether there is "no just reason for delay":

> (l) the relationship between the adjudicated and unadjudicated claims;
>
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and]
>
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

The Federal Circuit has held that its own law applies to determinations under Rule 54(b) as a matter of its appellate jurisdiction. *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 830 (Fed. Cir. 2003). But the Federal Circuit has not enumerated its own factors to determine whether there is "no just reason for delay." Instead, it has turned to regional circuit law as persuasive guidance. *See, e.g.*, *Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1336 (Fed. Cir. 2017) (relying on Fourth Circuit law in appeal from District of Maryland); *see also Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844 (Fed. Cir. 1987) ("We may, of course, look for guidance in

the decisions of the regional circuit to which appeals from the district court would normally lie, as well as those of other courts.") (citation omitted).

Thus, this Court and others in this District have applied the Third Circuit's five-factor test in *Berckeley* to determine whether there is no just reason for delay in patent cases. *See Interdigital Commc'ns, Inc. v. ZTE Corp.*, No. 13-009-RGA, 2016 WL 3226011, at *1–3 (D. Del. June 7, 2016); *Keurig, Inc. v. Sturm Foods, Inc.*, No. 10-841-SLR, 2012 WL 12896333, at *1 (D. Del. Nov. 2, 2012), *aff'd*, 732 F.3d 1370 (Fed. Cir. 2013).

**IV.     ARGUMENT**

The Court should certify its dismissal of Amarin's claims against Hikma as a final and appealable judgment under Rule 54(b) because (a) the dismissal is a final judgment with respect to those claims; and (b) there is no just reason to delay any appeal.

**A.     The dismissal of Amarin's claims against Hikma is a final judgment.**

The Court's order dismissing Amarin's claims against Hikma meets Rule 54(b)'s first requirement because it is a "final judgment." *Curtiss-Wright*, 446 U.S. at 7. The Court ordered that "[t]he first amended complaint (D.I. 17) as to the Hikma Defendants is **DISMISSED** without prejudice." D.I. 98. The Court's order is "a 'judgment' in the sense that it is a decision upon a cognizable claim for relief" (*Curtiss-Wright*, 446 U.S. at 7)—i.e., Amarin's patent claims against Hikma. The order is also "'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id*.

Although the Court indicated that Amarin "may file a motion in compliance with the Local Rules seeking leave to amend" (D.I. 98 n.1), Amarin elected not to file such a motion (Ex. A at 4). Instead, Amarin stipulated (jointly with Hikma and Health Net) to sever its claims against Hikma for purposes of seeking an immediate appeal. D.I. 106 at 2. Thus, because the Court dismissed

7

all claims against Hikma and Amarin is not seeking to amend those claims, the Court's order is a final judgment for purposes of Rule 54(b).

### B. There is no just reason for delaying entry of an appealable judgment.

The Court should direct entry of a final and appealable judgment based on its order dismissing Amarin's claims against Hikma because there is no just reason for delay. As shown below, the Third Circuit's *Berckeley* factors weigh in favor of this determination.

#### 1. There is no meaningful overlap between the adjudicated claims against Hikma and the unadjudicated claims against Health Net.

The first factor is "the relationship between the adjudicated and unadjudicated claims." *Berckeley*, 455 F.3d at 203. This factor favors entering judgment because Amarin's claims against Hikma are separable and materially different from its claims against Health Net. Indeed, the Court has already found that, with respect to "the acts alleged to be inducing, there is little overlap in the allegations against Health Net and Hikma." D.I. 65 at 3, ¶ 5.[3]

The lack of overlap between Amarin's claims against Hikma and Health Net is illustrated by the Court's decision to grant Hikma's motion to dismiss but not Health Net's. The Court recognized that Amarin's theory against Hikma is that its generic drug "label, along with Hikma's public statements, induce infringement of Plaintiffs' patents for the [cardiovascular] indication" that Amarin's patents allegedly cover. D.I. 97 at 4. This theory turns on whether statements in Hikma's generic drug label and other public statements "rise to the level of encouraging, recommending, or promoting taking Hikma's generic for the reduction of CV risk." *Id*. at 8. The Court held that Hikma's statements do not satisfy this standard and, as a result, granted Hikma's

---

[3] Despite finding little overlap in Amarin's allegations, the Court denied Health Net's motion to sever without prejudice because the joinder statute is "broad enough to encompass situations, like this one, where both defendants are alleged to induce the same act of direct infringement of a method patent," regardless of whether the allegations against the defendants overlap. *Id*. The joinder statute is not relevant to Hikma's request to enter judgment under Rule 54(b).

8

motion to dismiss because "Amarin's complaint has failed to plead inducement based on Hikma's label or public statements." *Id*. at 9.

By contrast, Amarin's theory against Health Net has nothing to do with Hikma's generic drug label or public statements. Instead, as the Court explained, Amarin alleges that "Health Net's formulary placement induces infringement of Plaintiffs' patents by encouraging the use of Hikma's generic for the [allegedly patented] indication" because its "formulary lists Hikma's generic in a lower tier than Amarin's Vascepa, resulting in lower copays when a patient opts for Hikma's generic." *Id*. at 10. According to Amarin, "this formulary placement leads to substitution on 'all VASCEPA prescriptions,'" including for the allegedly patented uses. *Id*. Unlike Amarin's theory against Hikma, the Court held that this theory raises distinct "factual questions that cannot be resolved on a motion to dismiss." *Id*. at 12.

Given these materially different theories of infringement, there is no meaningful overlap between Amarin's claims against Hikma and Amarin's claims against Health Net that would warrant any delay. Simply put, any appeal of the Court's decision to dismiss Amarin's claims against Hikma will not involve any allegations about Health Net's formulary placement, and the ongoing litigation between Amarin and Health Net will not involve any allegations about Hikma's generic drug label or public statements. Tellingly, with no remaining disputes about whether Hikma's label induces infringement, Amarin and Health Net stipulated to vacate all further claim construction briefing and forego any *Markman* hearing. D.I. 105.

There is also no question that Amarin's claims against Hikma are separable from its claims against Health Net. In its original complaint, Amarin brought the same claims against Hikma separately and without naming Health Net. D.I. 1. If Amarin had not amended its complaint to

9

add new and different allegations against Health Net, the Court's order granting Hikma's motion to dismiss would already be an appealable judgment.

Courts in this District and others have entered Rule 54(b) judgments in analogous circumstances, where the same patents are asserted against multiple defendants and one of them prevails early in the case on an issue that does not apply to the other defendants. *See, e.g.*, *Polar Electro Oy v. Amer Sports Winter & Outdoor*, No. 11-1100-GMS, 2015 WL 13842059, at *1 n.1 (D. Del. July 17, 2015) (entering Rule 54(b) judgment after dismissing one defendant for lack of personal jurisdiction); *ImageCube LLC v. The Boeing Co.*, No. 04-7587, 2010 WL 331723, at *4 (N.D. Ill. Jan. 22, 2010) (entering Rule 54(b) judgment after summary judgment where, "barring a reversal on appeal, the case is over as to [one defendant]"); *Commissariat à l'Énergie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F. Supp. 2d 430, 434–35 (D. Del. 2003), *vacated on other grounds*, 395 F.3d 1315 (Fed. Cir. 2005) (entering Rule 54(b) judgment after dismissing one defendant for lack of personal jurisdiction "because it was the ultimate disposition of an individual claim entered in the course of a multiple claims action") (quotation omitted); *Loral Fairchild Corp. v. Victor Co. of Japan*, 931 F. Supp. 1044, 1046 (E.D.N.Y. 1996) (Rader, C.J., by designation) (entering Rule 54(b) judgment in case asserting two patents against multiple defendants where the court "finally resolved all liability issues [as to one defendant] but with pending claims against the other defendants").

Thus, the first *Berckeley* factor weighs in favor of finding no just reason for delay.

### 2. Any possibility that the need for review might be mooted by future developments does not warrant delay.

The second factor is "the possibility that the need for review might or might not be mooted by future developments in the district court." *Berckeley*, 455 F.3d at 203. This factor is neutral or, at a minimum, does not outweigh the other factors favoring review.

10

The only foreseeable development that could moot an appeal on Amarin's claims against Hikma is that the asserted patents could be held invalid. Because the case between Amarin and Health Net is still at an early stage, however, that possibility is speculative. The trial between Amarin and Health Net is currently scheduled for October 30, 2023—almost 17 months away. Any jury verdict that Amarin's patents are invalid would be subject to post-trial motions before entry of judgment, and that judgment itself would be subject to appeal. In the meantime, the Federal Circuit could potentially resolve an appeal on Amarin's claims against Hikma before the trial against Health Net even begins. Last year, for example, the Federal Circuit disposed of patent cases in an average of 12.7 months from docketing to date of decision.[4]

In any event, potential future developments that could moot an appeal are not dispositive and do not preclude entering judgment under Rule 54(b). In this District, the court in *Commissariat à l'Énergie Atomique* entered a Rule 54(b) judgment after dismissing one defendant despite arguments that ongoing litigation with the remaining defendants "may render the patents in suit invalid whether or not [the dismissed defendant] is involved." 293 F. Supp. 2d at 434. Similarly, in *Bogosian v. Gulf Oil Corp.*, the Third Circuit affirmed a district court's Rule 54(b) certification despite the "possibility that decision on [a] contract theory pending trial could moot the question presented on the appeal from [a] conspiracy-tying theory" that was resolved on summary judgment. 561 F.2d 434, 443 (3d Cir. 1977). The Third Circuit explained that "a decision on th[e] claim [pending trial] might take a number of years to reach, and, in the interim, the defendants would bear the uncertainty arising from the fact that they may be forced to defend a massive antitrust claim years in the future." *Id*. In addition, the court noted that "because the summary

---

[4] Dan Bagatell, "Fed. Circ. Patent Decisions In 2021: An Empirical Review," *Law360* (Jan. 6, 2022), *available at* https://www.law360.com/articles/1452355.

11

judgment was granted on the basis of the pleadings, [the] need to examine the record at this stage is minimal," which mitigated any concerns about having multiple judgments that could be separately appealed. *Id*.

This case presents analogous facts. While Amarin's patents might be found invalid, that issue is unlikely to be resolved for more than a year. Meanwhile, Hikma faces uncertainty over whether Amarin's claims against it will someday be revived and whether it will need to defend itself in a later trial. Moreover, because the Court dismissed Amarin's claims against Hikma on the pleadings, there is no substantial record for the Federal Circuit to review.

Thus, despite a possibility of mootness due to invalidity, the second *Berckeley* factor is neutral or does not otherwise weigh against finding no just reason for delay.

### 3. There is no foreseeable possibility that the Federal Circuit will need to consider the same issue a second time.

The third factor — "the possibility that the reviewing court might be obliged to consider the same issue a second time" — weighs toward finding no just reason for delay. *Berckeley*, 455 F.3d at 203. For the same reasons discussed above for the first factor, the Federal Circuit will not need to consider the same issues twice because Amarin's claims against Hikma and its claims against Health Net are based on materially different theories.

Any appeal of the Court's order dismissing Amarin's claims against Hikma would be limited to whether Hikma's generic drug label and its other public statements induce infringement. *See* D.I. 97 at 4–9. That question is not at issue in Amarin's ongoing claims against Health Net, which do not turn on Hikma's label or statements but instead concern Health Net's formulary placement. *See id*. at 10–12. Accordingly, any later appeal after judgment is entered on Amarin's claims against Health Net will not involve the same issues as any appeal arising from a final judgment on Amarin's claims against Hikma.

Thus, the third *Berckeley* factor weighs in favor of finding no just reason for delay.

### 4. There is no counterclaim that could result in any set-off.

The fourth factor is "the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final." *Berckeley*, 455 F.3d at 203. This factor also weighs toward entering judgment because Hikma has not filed any counterclaims. Moreover, there is no judgment against which any set-off could be made because Hikma is the prevailing party on Amarin's claims, and no damages are due.

Thus, the fourth *Berckeley* factor weighs in favor of finding no just reason for delay.

### 5. No miscellaneous factors weigh against immediate review.

As a final, catch-all factor, courts may consider any "[m]iscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Id*. There are no such relevant factors here that would weigh against entering an appealable judgment now.

In particular, Hikma did not delay in seeking an appealable judgment. As discussed above, Hikma contacted Amarin about seeking a Rule 54(b) judgment just one week after the Court granted its motion to dismiss. *Supra* 4–5; Ex. B. Hikma kept pushing for a final judgment for weeks, which culminated in the parties filing a joint stipulation to sever in February. D.I. 106. Although the Court denied the stipulation (D.I. 107), Hikma continued to seek an appealable judgment by requesting a status conference on the Court's preferred approach for entering judgment (D.I. 108). Thus, Hikma has not unreasonably delayed.

Moreover, courts have granted later-filed requests for Rule 54(b) judgement where, as here, the request is unopposed. *See Medifast, Inc. v. Minkow*, No. 10-0382-CAB (BGS), 2012 WL 13175888, at *2 (S.D. Cal. Apr. 13, 2012) (granting motion for Rule 54(b) judgment where "Defendant [ ] did not file this motion for entry of judgment against Plaintiff [ ] until . . . six months

13

after the order," where "Plaintiffs have not opposed the motion on this ground, [ ] the timing of the motion will not affect the status of the matter or the pending interlocutory appeal," and the court "does not see the delay in filing the motion as a reason to deny it").

## V.     CONCLUSION

In summary, the Court's order dismissing Amarin's claims against Hikma qualifies as a final judgment, and the Third Circuit's applicable factors weigh in favor of finding "no just reason for delay" under Rule 54(b).  Factors 1, 3, and 4 all weigh strongly toward allowing an immediate appeal, and factors 2 and 5 are either neutral or do not weigh against entering judgment.  Thus, Hikma respectfully requests that the Court enter a final and appealable judgment on Amarin's dismissed claims against Hikma under Rule 54(b).

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

/s/ DOMINICK T. GATTUSO
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Defendants Hikma Pharmaceuticals USA Inc. and Hikma Pharmaceuticals PLC*

OF COUNSEL:

Charles B. Klein
Claire A. Fundakowski
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
(202) 282-5000

Eimeric Reig-Plessis
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
(415) 591-6808

Alison M. King
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600

Dated:  June 10, 2022