IN THE UNITED STATES DISTRICT COURT
FOR THE DISTICT OF DELAWARE

| | |
|---|---|
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, MOCHIDA PHARMACEUTICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HIKMA PHARMACEUTICALS USA INC., HIKMA PHARMACEUTICALS PLC, AND HEALTH NET, LLC <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : C.A. No. 20-1630-RGA-JLH <br> : <br> : <br> : <br> : <br> : <br> : |

## FINAL JUDGMENT UNDER
## FEDERAL RULE OF CIVIL PROCEDURE 54(b)

THIS MATTER having come before the Court on Defendants Hikma Pharmaceuticals USA Inc. and Hikma Pharmaceuticals PLC's (collectively, "Hikma") Motion for Entry of Final and Appealable Judgment under Federal Rule of Civil Procedure 54(b), and the Court having considered Hikma's arguments and submissions in support of the Motion;

It is hereby **ORDERED** that the Motion is **GRANTED**.

For the reasons set forth by Hikma in its moving papers, the Court finds that the Court's order granting Hikma's motion to dismiss Plaintiffs' first amended complaint (D.I. 98) is a final judgment resolving Plaintiffs' claims against Hikma, and the Court expressly determines that there is no just reason for delay (*see* Fed. R. Civ. P. 54(b)).

Considering the factors set forth in *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006), the Court finds that (1) the relationship between the adjudicated claims against Hikma and the unadjudicated claims against the remaining Defendant, Health Net, LLC, is

minimal because Plaintiff's theories of infringement against these respective defendants are materially different; (2) the only foreseeable possibility that the need for review might be mooted by future developments in this Court is the invalidation of the asserted patents, which is unlikely to occur for more than a year; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time is minimal because any appeal of the Court's order granting Hikma's motion to dismiss does not relate to Plaintiffs' infringement theory against Health Net; (4) there is no claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) no miscellaneous factors (such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like) weigh against entering final judgment at this time.

Accordingly, final judgment is **ENTERED** in favor of Hikma and against Plaintiffs; Plaintiffs' claims against Hikma in this action are **DISMISSED WITH PREJUDICE**; and each party shall bear its own costs and fees.

IT IS SO ORDERED this 13rd day of October, 2022.

Honorable Richard G. Andrews
United States District Court Judge