IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMARIN PHARMA, INC., AMARIN PHARMARCEUTICALS IRELAND LIMITED, MOCHIDA PHARMACEUTICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HIKMA PHARMACEUTICALS USA INC., HIKMA PHARMACEUTICALS PLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 20-1630-RGA-SRF |

**HIKMA'S OPENING LETTER BRIEF IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER AND EXCLUSION OF TESTIMONY**

*Of Counsel:*

Charles B. Klein
Claire A. Fundakowski
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20036
(202) 282-5000

Ivan Poullaos
Kevin J. Boyle
Alison M. King
WINSTON & STRAWN LLP
300 N La Salle Drive
Chicago, IL 60654
(312) 558-5600

Eimeric Reig-Plessis
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
(415) 591-6808

HEYMAN ENERIO GATTUSO & HIRZEL
Dominick T. Gattuso (#3630)
222 Delaware Ave., Suite 900
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

Dated: December 29, 2025

1

Dear Judge Fallon:

Defendants ("Hikma") respectfully request that the Court (1) grant a protective order barring depositions that Plaintiffs noticed on the last day of fact discovery and (2) preclude Plaintiffs from calling at trial any witness whom Plaintiffs did not make available for deposition at least 30 days before the first day of trial. These requests seek to enforce the Court's Scheduling Order and to uphold basic principles of fairness that prevent one party from taking discovery or offering trial testimony without proper notice.

## FACTUAL BACKGROUND

The deadline to complete fact discovery was December 12, 2025. D.I. 167. On October 30, 2025, the Court denied Plaintiffs' motion to extend discovery deadlines. D.I. 221. Notwithstanding, Plaintiffs waited until the afternoon of December 12 to notice the depositions of Kali Long (for January 12, 2026) and Steven Simone (for January 13, 2026), who are involved in sales or forecasting of Hikma's accused product. Exs. A, B. While the parties agreed to take certain depositions noticed weeks earlier after the close of fact discovery, Plaintiffs never expressed any intention to depose Ms. Long or Mr. Simone until December 11—the day before the fact discovery cutoff. Ex. C. Plaintiffs noticed these cumulative depositions at the last minute despite having already deposed Hikma's Rule 30(b)(6) corporate designee on sales, forecasting, projections, and market analysis, Alex Raya. Plaintiffs have also now deposed Ms. Long's former manager, Chris Rector, and will have the opportunity to depose Mr. Raya's manager and Mr. Rector's former manager, Kristy Ronco, whom Hikma has agreed to make available for deposition on January 8.

Separately, Plaintiffs' Rule 26(a)(1) disclosures identify three employees of Mochida and four inventors of U.S. Patent No, 9,700,537 ("the '537 patent") as witnesses with potentially relevant knowledge that Plaintiffs may use to support their claims. Ex. I at 2–3. All of these witnesses reside in Japan. Plaintiffs have only made one of these witnesses available for deposition, Hiroshi Ishikawa, who is a Mochida employee and its sole Rule 30(b)(6) designee. Despite choosing to bring suit in this District, Plaintiffs have insisted that the remaining two Mochida employees can only be deposed through burdensome procedures that Hikma would need to initiate to take discovery in Japan. Plaintiffs have also insisted that they do not control the four inventors of the '537 patent and that the inventors are not represented by Plaintiffs' counsel. Yet Plaintiffs continue to reserve the right to call any of these Japanese witnesses at trial without first making them available for deposition, all while claiming that they do not control or represent these witnesses.

For months, Hikma has sought to streamline discovery and to avoid unnecessary disputes over the witnesses whom Plaintiff may call at trial, recognizing that the trial will be timed and the parties will need to be efficient with that time. As a compromise, Hikma proposed a stipulation whereby Plaintiffs would disclose, no later than 45 days before trial, whether they intend to call any fact witness who resides in Japan whom Plaintiffs have not yet made available for deposition at trial. Ex. D at 3. If so, Plaintiffs would make the witness(es) available for deposition at least one month before trial, either remotely or in Wilmington, unless otherwise agreed by the parties. *Id*. Although Plaintiffs at one point appeared amenable to this compromise, they have since refused to enter any stipulation unless Hikma agrees to reopen fact discovery, make Ms. Long and Mr. Simone available for deposition, and significantly extend the case schedule.

## ARGUMENT

### I. The Court should enter a protective order barring the untimely and improperly noticed depositions of Kali Long and Steven Simone.

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Here, there is good cause to enter a protective order against the depositions of Ms. Long and Mr. Simone, which are untimely, improperly noticed, and needlessly cumulative.

Plaintiffs' belated deposition notices contravene the Scheduling Order. The law in this circuit is clear that "[p]arties do not have a right to take depositions after the close of discovery." *Brugh v. Mount Aloysius Coll.*, No. 3:17-CV-71, 2019 WL 7505743, at *2 (W.D. Pa. Nov. 12, 2019) (citing *In re Asbestos Prods. Liab. Litig.*, 2013 WL 3295312, at *1 (3d Cir. June 26, 2013)). Absent agreement of the parties to take a deposition out of time, a party must seek leave from the Court before conducting an untimely deposition. *See, e.g.*, *Sikkelee v. Precision Airmotive Corp.*, 522 F. Supp. 3d 120, 163 (M.D. Pa. 2021) ("case law clearly demonstrates that parties must seek permission from the Court prior to conducting an untimely deposition to which the opposing party objects"). Here, Plaintiffs did not obtain Hikma's consent to take these depositions and did not obtain the Court's permission to conduct these depositions after the close of discovery.

Plaintiffs' service of deposition notices on the last day of fact discovery fails to provide "reasonable written notice" under Rule 30(b)(1), which unless otherwise ordered by the Court "shall be not less than 10 days." D. Del. LR 30.1. Parties are required to serve discovery requests with enough time for the receiving party to comply before the close of discovery. That Plaintiffs are currently requesting an extension of the fact discovery deadline does not change that requirement. *See Mark IV Indus. Corp. v. Transcore Holdings Inc.*, No. 09-418-GMS, D.I. 258, Hr'g Tr. at 17–21 (D. Del. Aug. 22, 2011) (denying motion to compel a response to a discovery request served 29 days before the close of fact discovery because it was untimely; the request should have been served at least 30 days before the close of fact discovery to require a response from the non-moving party); *In re Asbestos Prods. Liab. Litig. (No. IV)*, No. 11-CV-63953, 2012 WL 3104833, at *2 (E.D. Pa. July 31, 2012) (denying a request to extend discovery and quashing a deposition noticed the day before the fact discovery deadline). Nor does it matter that the parties agreed to take certain other depositions after the close of fact discovery, as those depositions were agreed and timely noticed weeks earlier—not on the discovery deadline.

Plaintiffs have had months to depose Ms. Long and Mr. Simone. Hikma produced documents naming these individuals as early as five months ago on July 29, 2025. *See, e.g.*, Ex. E; Ex. F (one of many exemplary documents in Hikma's production naming Ms. Long and Mr. Simone). And in their prior motion to extend discovery deadlines, Plaintiffs represented that they would be able "to review Hikma's documents and take depositions of Hikma's witnesses prior to" December 12 (which Plaintiffs were proposing as a deadline for their final infringement contentions). D.I. 217 at 3 & Proposed Order. If Plaintiffs needed testimony from these individuals to support their claims, they could have noticed these depositions at any time after receiving Hikma's documents. Any notion that Plaintiffs lacked notice of these individuals' roles until more recent depositions is thus incorrect. Nor is there any prejudice to Plaintiffs in enforcing the Scheduling Order and barring these untimely depositions, as Hikma has not listed Ms. Long or Mr. Simone on its Rule 26(a)(1) initial disclosures and has no intention of calling them at trial.

There is also no basis to take these additional depositions out of time because they would

3

be needlessly cumulative of other depositions. Plaintiffs have already deposed Hikma's Rule 30(b)(6) corporate designee, Alex Raya, on sales, forecasting, projections, and market analysis. Plaintiffs have also already deposed Ms. Long's former manager, Chris Rector. And Plaintiffs will take the deposition of Mr. Raya's manager and Mr. Rector's former manager, Kristy Ronco, in early January. Plaintiffs have had ample opportunity to take deposition discovery from Hikma on sales and forecasting for Hikma's accused product. Thus, the Court should enter a protective order to preclude the untimely and cumulative depositions of Ms. Long and Mr. Simone.

**II.   The Court should preclude Plaintiffs from calling at trial witnesses whom Plaintiffs refused to make available for deposition.**

Hikma additionally moves to preclude Plaintiffs from calling any witnesses at trial whom Plaintiffs did not make available for deposition. Hikma has repeatedly sought to compromise on this issue by allowing Plaintiffs to call witnesses at trial who were not deposed during fact discovery so long as Plaintiffs provide reasonable notice and the opportunity to depose the witnesses before trial. Hikma remains willing to accept that compromise. Plaintiffs' insistence that they can call witnesses at trial without ever producing them for deposition is fundamentally unfair.

It is no answer that the witnesses reside in Japan. These are not merely third parties who may have potentially relevant information. Plaintiffs identified these individuals as their *own* witnesses whom they may call at trial to support their claims. This Court recently ruled on a similar issue in granting a motion to compel to make co-inventors available for deposition despite their residence in another country. *See Pierre Fabre Medicament SAS v. Rubicon Research Pvt. Ltd.*, C.A. No. 24-811-JLH-SRF, D.I. 116 (D. Del. Nov. 7, 2025). Like here, there was "no dispute that … Plaintiffs identified the Co-Inventors of the patents-in-suit in their initial disclosures under Rule 26(a)." *Id*. "Plaintiffs' position that Defendant was required to follow the procedures under the Hague Convention [wa]s unpersuasive," and this Court required the Plaintiffs to "make the Co-Inventors available for deposition in the United States no later than [within four weeks]." *Id*.; *see also Invensas Corp. v. Renesas Elecs. Corp.,* C.A. No. 11-448-GMS-CJB, 2012 WL 2501106, at *2 (D. Del. June 27, 2012) ("The general rule with respect to the location of depositions is that the plaintiff must produce its witnesses in the district in which the plaintiff instituted the action, unless [it] has shown financial hardship or inability to attend the deposition in that district.").

That Plaintiffs have made *one* of their seven witnesses in Japan available for deposition to date—Hiroshi Ishikawa—does not change the result or cure the prejudice to Hikma. Notably, Plaintiffs designated Mr. Ishikawa as their sole Rule 30(b)(6) corporate designee on the "conception, reduction to practice, and inventorship" of the '537 patent. Ex. G (Topic No. 17). Yet Mr. Ishikawa had no knowledge of these issues and revealed at deposition that he did not even speak to the inventors to prepare. Ex. H (Rough Dep. Tr.) at 19:15–17, 19:25–20:5, 27:5–25, 29:5–30:4, 39:15–23, 41:15–19. Plaintiffs cannot reserve the ability to call the inventors as witnesses at trial while refusing to prepare their own Rule 30(b)(6) designee to testify about the alleged invention.

Plaintiffs have insisted that they do not control the '537 patent inventors, but Plaintiffs' refusal to stipulate that they will not present testimony from these inventors at trial suggests otherwise. Plaintiffs cannot have it both ways: they either must agree not to call at trial individuals whom Plaintiffs contend they do not control, or Plaintiffs must make those individuals available for deposition. The Court should thus preclude Plaintiffs from calling at trial the witnesses whom Plaintiffs identified on their initial disclosures but did not make available for deposition.

4

|  |  |
|---|---|
| OF COUNSEL: | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP |
| Charles B. Klein<br>Claire A. Fundakowski<br>WINSTON & STRAWN LLP<br>1901 L Street, N.W.<br>Washington, DC 20036<br>(202) 282-5000 | */s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (#3630)<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>(302) 472-7300<br>dgattuso@hegh.law |
| Ivan Poullaos<br>Alison M. King<br>Kevin J. Boyle<br>WINSTON & STRAWN LLP<br>300 N. LaSalle Drive, Suite 4400<br>Chicago, IL 60654<br>(312) 558-5600 | *Attorneys for Defendant Hikma Pharmaceuticals USA Inc. and Hikma Pharmaceuticals PLC* |

Eimeric Reig-Plessis
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
(415) 591-6808

Dated: December 29, 2025