# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMARIN PHARMA, INC., AMARIN PHARMARCEUTICALS IRELAND LIMITED, MOCHIDA PHARMACEUTICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HIKMA PHARMACEUTICALS USA INC., HIKMA PHARMACEUTICALS PLC, <br><br> Defendants. | C.A. No. 20-1630-RGA-SRF |

## HIKMA'S RESPONSIVE LETTER BRIEF TO PLAINTIFF'S DISCOVERY DISPUTE MOTION

*Of Counsel:*

Charles B. Klein
Claire A. Fundakowski
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20036
(202) 282-5000

Ivan Poullaos
Kevin J. Boyle
Alison M. King
WINSTON & STRAWN LLP
300 N La Salle Drive
Chicago, IL 60654
(312) 558-5600

Eimeric Reig-Plessis
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
(415) 591-6808

HEYMAN ENERIO GATTUSO & HIRZEL
Dominick T. Gattuso (#3630)
222 Delaware Ave., Suite 900
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

Dear Judge Fallon:

Defendants ("Hikma") respectfully submit this letter to provide Hikma's positions on the relief requested in Plaintiffs' letter regarding discovery disputes (D.I. 278, "Ltr."):

- **Case schedule.** Hikma does not oppose the schedule in ¶ 5 of Plaintiffs' Proposed Order, provided that the extension of fact discovery is limited solely to taking depositions that were agreed to and timely noticed prior to the earlier close of fact discovery on December 12. Plaintiffs' new proposal differs significantly from Plaintiffs' earlier proposals to Hikma, and Plaintiffs failed to provide this revised proposal to, or meet and confer with, Hikma prior to filing their letter. Hikma strongly disagrees with the characterizations in Plaintiffs' letter regarding discovery (which we address further below), but Hikma will work with Plaintiffs to stipulate to a revised schedule along these lines to allow the parties to complete agreed upon depositions, thus narrowing the disputes before the Court.

- **Updated financials and other documents.** Hikma does not oppose both sides updating their financial documents as needed, which is typical in patent cases. To the extent Plaintiffs seek to compel additional documents listed in ¶ 4 of their Proposed Order, the parties have not met and conferred on those requests. Hikma received a subset of Plaintiffs' new document demands for the first time after 5:00 pm ET the day before Christmas Eve. Hikma is considering these requests and will meet and confer with Plaintiffs.

- **Deposition of Chrysoula Koukoutsis.** Hikma strongly disputes Plaintiffs' characterizations but does not oppose making Ms. Koukoutsis available for deposition as requested in ¶ 2 of their Proposed Order; Hikma already proposed an acceptable date to Plaintiffs in January, which accommodates her schedule. Again, this issue could have been avoided had Plaintiffs properly met and conferred instead of rushing to the Court.

- **Depositions and custodial documents of Kali Long and Steven Simone.** Hikma opposes this request, which is the only issue ripe for review. As discussed below and in Hikma's opening letter (D.I. 276), Plaintiffs were not diligent pursuing this discovery, waiting until the last day of an already-extended fact-discovery period before serving deposition notices. Further, these depositions (and any additional custodial documents) are irrelevant to the parties' claims and defenses and cumulative of the extensive discovery already produced.

### FACTUAL BACKGROUND

This is the second time Plaintiffs are raising purported discovery disputes with the Court. D.I. 217. As Hikma explained in response to Plaintiffs' first motion (D.I. 219), Plaintiffs' only remaining theory of liability is narrow. This case is proceeding on remand from the Federal Circuit, which reversed the previous dismissal of Plaintiffs' complaint with prejudice for failure to state a claim. D.I. 144; *Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*, 104 F.4th 1370 (Fed. Cir. 2024). Plaintiffs assert two patents that allegedly cover one of two indications for their branded drug Vascepa, which contains the active ingredient icosapent. Vascepa is indicated: (1) as an adjunct to diet to treat severe hypertriglyceridemia (the "SH Indication"); and (2) to reduce certain types of cardiovascular risk in statin-treated patients (the "CV Indication"). *Id*. at 1372–73. Plaintiffs allege that the asserted patents cover the CV Indication. *Id*. But Hikma's accused generic product is approved and indicated only for the SH Indication, which is undisputedly noninfringing. *Id*. at

1

1373. Hikma's generic drug label is known as a "skinny label" because it omits the only allegedly patented indication. *Id*. Despite Hikma's skinny label, Plaintiffs filed suit alleging that Hikma actively induces doctors and patients to infringe under 35 U.S.C. § 271(b) based on (1) Hikma's generic drug label and (2) pre-launch press releases and website. *Id*. at 1375.

This Court and the Federal Circuit have already rejected Plaintiffs' inducement theory based on Hikma's generic drug label. This Court found that Hikma's "label does not instruct CV risk reduction," and Plaintiffs "failed to plead inducement based on Hikma's label[.]" D.I. 97 at 7, 9. The Federal Circuit agreed, holding that "[t]aken on its own, we may agree with the district court (and Hikma) that the label does not, as a matter of law, 'recommend, encourage, or promote an infringing use.'" *Amarin*, 104 F.4th at 1379 (cleaned up). Indeed, "even Amarin seem[ed] to agree that the label alone does not instruct infringement." *Id*. at 1380; *see also* Ex. 1 (oral argument transcript) at 3:19–21, 4:22–24, 5:6–7, 5:21–6:1. Nor have Plaintiffs brought suit against any other generic drugmaker that sells generic icosapent, which all have the same label as Hikma. Thus, Plaintiffs' statement to the Court that Hikma "fail[ed] to fully carve the CV Indication from its product label" (Ltr. 2) is incorrect and has already been rejected and conceded on appeal.

Plaintiffs' remaining theory is that doctors and patients were induced to infringe by vague statements in Hikma's pre-launch press releases referring to Hikma's product as a "generic version" of Vascepa;[1] Vascepa's annual sales quoted in those press releases; and a reference on Hikma's website to "Hypertriglyceridemia" (but not the CV Indication). *Amarin*, 104 F.4th at 1379–80. Although the Federal Circuit panel was skeptical that these allegations could survive summary judgment (Ex. 1 at 24:2–12), it allowed this theory to proceed beyond the pleadings stage because of Plaintiffs' representations in the complaint that these statements "communicate[d] to and instruct[ed] healthcare providers and patients" to infringe. *E.g.*, D.I. 17 ¶¶ 115, 122.[2]

Since the remand over a year ago, Plaintiffs have taken a massive amount of discovery from Hikma, which has already agreed to make 10 current and former employees available for deposition and produced more than "114,445 documents totaling 459,493 pages." D.I. 217 at 1. Despite extensive discovery, Plaintiffs still cannot identify *any* evidence to support their remaining theory of liability, which remains meritless. Plaintiffs have not identified a single doctor or patient who ever *saw*, let alone was induced to infringe by, Hikma's pre-launch press releases or website. As discussed below, the discovery that Plaintiffs now seek from even more witnesses has nothing to do with that issue or any theory of induced infringement. Plaintiffs' letter resorts to unfounded

---

[1] Plaintiffs' letter now adds that Hikma induced infringement simply by calling its product "AB rated," but Federal Circuit caselaw does "not hold that an AB rating in a true section viii carve-out (one in which a label was produced that had no infringing indications) would be evidence of inducement." *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, 7 F.4th 1320, 1335 (Fed. Cir. 2021).

[2] Hikma has filed a petition for certiorari with the Supreme Court, and the Solicitor General has recommended granting Hikma's petition, including because the "anodyne statements" in Hikma's press releases and website "hav[e] nothing to do with intentional encouragement of infringing uses," and there are "no factual allegations in the complaint suggesting a causal link between these statements and any subsequent prescribing or dispensing decision." Ex. 2 at 19. Hikma expects the Supreme Court to decide whether to grant the petition in early or mid-January. Should the Supreme Court grant review, Hikma intends to move to stay this case because a reversal of the Federal Circuit's mandate would reinstate this Court's dismissal of the complaint with prejudice.

accusations to distract from the complete lack of evidence supporting their claims.

## ARGUMENT

**I.    Plaintiffs were not diligent in pursuing the depositions and custodial documents of Kali Long and Steven Simone, which are irrelevant and needlessly cumulative.**

Plaintiffs' request to compel the depositions of Ms. Long and Mr. Simone rests on the incorrect premise that they are the "two most relevant employees" at Hikma simply because they communicated with "Hikma's customers." Ltr. 1-2. That premise fundamentally misunderstands the allegations of direct and induced infringement in this case, which have nothing to do with "Hikma's customers." Hikma is a generic manufacturer, whose customers are wholesalers, other distributors, and pharmacies. *See* Ex. 3, Raya Dep. Tr. at 33:10-36:3 (listing Hikma's icosapent customers). There is no allegation that Hikma's customers infringe the asserted patents, which are directed to methods of treating patients. Instead, the only alleged direct infringers in this case are healthcare providers and patients. *See* D.I. 17. There is no reason to believe that Ms. Long or Mr. Simone communicated with healthcare providers or patients about how to administer Hikma's product. Plaintiffs fail to show any probative value to these depositions for this reason alone.

Even assuming some marginal relevance, Plaintiffs ignore that the requested information is needlessly cumulative and duplicative. Plaintiffs have already deposed Hikma's Rule 30(b)(6) corporate designee, Alex Raya, on sales, forecasting, projections, and market analysis. Plaintiffs have also already deposed Ms. Long's former manager, Chris Rector. And Plaintiffs will take the deposition of Mr. Raya's manager and Mr. Rector's former manager, Kristy Ronco, in early January. Discovery does not last forever and cannot include the deposition of every single individual at Hikma that Plaintiffs claim might have some tidbit of information without regard for the cost, inefficiency and duplicative nature of such discovery. Plaintiffs had ample opportunity to take deposition discovery from Hikma on sales and forecasting for Hikma's accused product, and they fail to show how compelling even more testimony is proportional to the needs of the case.

Although Hikma agrees to a limited extension of fact discovery solely to complete depositions that were already agreed upon, Plaintiffs have failed to show the diligence required to reopen discovery to take more depositions that are not consented to or timely noticed. "To establish good cause in a motion to reopen discovery, the movant 'must show that a more diligent pursuit of discovery was impossible.'" *In re Chanbond*, C.A. No. 15-842, D.I. 560 at 2 (D. Del. Apr. 16, 2021) (quoting *Dow Chem. Can. Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012), *aff'd*, 587 F. App'x 741, 744-45 (3d Cir. 2014)). Plaintiffs were not diligent in pursuing these depositions or custodial documents and instead waited until December 12, 2025—the *last day* of an already-extended fact discovery period—before even serving their notices. D.I. 267; D.I. 268.

Plaintiffs erroneously accuse Hikma of "hiding" Ms. Long and Mr. Simone (Ltr. 1), ignoring that Hikma produced documents naming these individuals as early as five months ago on July 29, 2025. *See* D.I. 276, Exs. E, F (exemplary document). By September 12—three months before the close of fact discovery—Hikma had produced more than 27,000 documents naming these individuals (along with other, more relevant custodians). Ex. 4. In their prior motion to extend discovery deadlines, Plaintiffs represented that they would be able "to review Hikma's documents and take depositions of Hikma's witnesses prior to" December 12 (which Plaintiffs were proposing as a deadline for their final infringement contentions). D.I. 217 at 3 & Proposed Order. Moreover, Hikma had no obligation to name Ms. Long and Mr. Simone in its initial

3

disclosures (*contra* Ltr. 2), which only needed to name witnesses with information "that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Hikma has no intention of relying on Ms. Long or Mr. Simone to support its claims or defenses.

Plaintiffs argue "this district has extended fact discovery to allow depositions under [similar] circumstances" (Ltr. 4), but their cited cases are inapposite. In *Re XPRT Ventures, LLC v. eBay, Inc.*, the non-moving party "d[id] not appear to dispute the timeliness of [the discovery] request or [the] offer of good cause." No. 1:10-CV-00595-SLR, 2011 WL 13142141, at *7 (D. Del. June 15, 2011). In *Barry v. Stryker Corp.*, the moving party began pursuing its discovery "six weeks before the close of fact discovery." 2023 WL 3293057, *1–2 (D. Del. May 3, 2023). Here, however, Plaintiffs let months pass by, waiting until the final day of fact discovery to serve their untimely requests, and wholly failed to explain why it would have been "impossible" to notice those depositions earlier. *In re Chanbond*, C.A. No. 15-842, D.I. 560 at 2 (D. Del. Apr. 16, 2021). Under more analogous circumstances, courts in this district have denied such requests, which is appropriate here. *See, e.g.*, *InQuisient Inc. v. ServiceNow, Inc.*, No. 1:22-cv-00900-CJB, D.I. 283 (D. Del. Jul. 16, 2024) (denying requests for deposition and documents served "six days before the close of fact discovery" because requesting party "failed to show that they acted diligently").

**II.     The remaining characterizations in Plaintiffs' letter are irrelevant and incorrect.**

While unnecessary to resolve the only ripe dispute regarding Ms. Long and Mr. Simone, we briefly address other misstatements by Plaintiffs, which are contrary to the undisputed record and appear designed to distract from the total absence of evidence supporting Plaintiffs' claims.

First, Plaintiffs repeatedly accuse Hikma of "obstruct[ing]" Plaintiffs' efforts "to depose Ms. Koukoutsis." Ltr. 3. That accusation lacks merit. Plaintiffs initially served a Rule 30(b)(1) notice of deposition for Ms. Koukoutsis, ignoring Hikma's prior disclosure that she is no longer employed by Hikma. Hikma's counsel offered to inquire into her availability for deposition if Plaintiffs provided a subpoena. At the time, however, Ms. Koukoutsis declined to accept service or Hikma's offer to provide legal counsel and insisted on actual service of a subpoena. Hikma's counsel conveyed this to Plaintiffs promptly. Once served, Ms. Koukoutsis decided to retain Hikma's counsel, who have now provided Plaintiffs with her availability for deposition.

Second, Plaintiffs complaint that "[t]here have been extensive deposition scheduling difficulties due to Hikma's conduct" lacks merit. Ltr. 3. Hikma has made all its disclosed witnesses available and has worked to schedule 10 depositions. In contrast, Plaintiffs failed to make a single witness available for deposition before the close of fact discovery. Plaintiffs did not even respond to Hikma's 30(b)(6) notice for seven weeks. Any scheduling difficulties were of Plaintiffs' own making, as they refused multiple dates and locations that Hikma had offered. *See* Ex. 5.

Finally, Plaintiffs' accusations that "Hikma failed to produce documents" (Ltr. 1) are unfounded and unripe. In the joint motion for teleconference, Plaintiffs vaguely requested "Defendants to complete their production of documents." D.I. 271. Hikma explained it had completed its document production long ago, including the responsive non-privileged documents from all 10 of its Paragraph 3 custodians. Then, for the first time after 5:00 pm ET on December 23, Plaintiffs sent a new list of demands for documents. The parties have not met and conferred on these new demands, which are premature. Hikma will seek to narrow disputes, mutually exchange updated financials, and investigate requests that are proportional to the case, but Hikma respectfully submits these issues do not require the Court's intervention at this time.

| | |
|---|---|
| OF COUNSEL: | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP |
| Charles B. Klein<br>Claire A. Fundakowski<br>WINSTON & STRAWN LLP<br>1901 L Street, N.W.<br>Washington, DC 20036<br>(202) 282-5000 | */s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (#3630)<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>(302) 472-7300<br>dgattuso@hegh.law |
| Ivan Poullaos<br>Alison M. King<br>Kevin J. Boyle<br>WINSTON & STRAWN LLP<br>300 N. LaSalle Drive, Suite 4400<br>Chicago, IL 60654<br>(312) 558-5600 | *Attorneys for Defendant Hikma Pharmaceuticals USA Inc. and Hikma Pharmaceuticals PLC* |
| Eimeric Reig-Plessis<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, CA 94111<br>(415) 591-6808 | |

Dated: December 30, 2025