IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMARIN PHARMA, INC., AMARIN          :
PHARMACEUTICALS IRELAND             :
LIMITED, MOCHIDA                    :
PHARMACEUTICAL CO., LTD.,           :
                                    :
            Plaintiffs,             :
                                    :
      v.                            :      C.A. No. 20-1630-RGA-SRF
                                    :
HIKMA PHARMACEUTICALS USA           :      ███████████
INC., HIKMA PHARMACEUTICALS         :
PLC,                                :      Original Version Filed: December 29, 2025
                                    :      Public Version Filed: January 5, 2026
            Defendants.             :

## ███████ EXHIBITS C, F and H

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Defendant Hikma Pharmaceuticals
USA Inc. and Hikma Pharmaceuticals PLC*

# Exhibit C

| | |
|---|---|
| **From:** | Michael Heins |
| **To:** | McGrath, Sarah Elizabeth; Poullaos, Ivan; Sun, Rain; Timothy Cremen; farnan@rlf.com; Kourtney Merrill; LegalTm-Amarin-20-1630 |
| **Cc:** | Dominick Gattuso; Winston-Hikma-icosapent; Mary Stewart; King, Alison; Boyle, Kevin |
| **Subject:** | RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions |
| **Date:** | Thursday, December 11, 2025 12:54:14 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | 2025.12.xx - Amarin v. Hikma - DRAFT Stipulation and Proposed Order to Extend Time, 4898-8976-4992 v 3.docx |



Counsel,

Attached is a revised stipulation, which addresses the necessary discovery adjustments based on recent testimony from Hikma's witnesses revealing that Hikma failed to appropriately prepare its corporate designees and has not yet produced certain key and agreed documents and witnesses relevant to Plaintiffs' claims in this case.

As previously explained, Plaintiffs timely served deposition notices and subpoenas on Hikma's witnesses and custodians prior to the close of discovery. The record is clear, Plaintiffs have been unable to take discovery in time and require the ability to pursue information and documents Hikma failed to produce and on which its corporate designees were not prepared to testify. Hikma's repeated failure to timely and fully comply with its discovery obligations cannot be used to prejudice Plaintiffs' ability to prepare their case. It is already apparent from the limited depositions that have proceeded to date that Hikma: (1) failed to identify the appropriate document custodians and knowledgeable witnesses or collect documents from the appropriate custodians and repositories; (2) improperly limited discovery and search terms to avoid producing relevant and damaging internal Hikma documents and Hikma's external communications with the compendia and its customers; (3) and conducted an unreasonable search, failing to pull documents from identifiable repositories and use search terms reasonably crafted to Hikma's documents. For example, it has become clear from recent depositions that Hikma failed to identify **Kali Long** as a knowledgeable witness and document custodian despite her role managing sales for Hikma's customers (which is especially problematic given that this case involves clais for indirect infringement). Additionally, Hikma identified Kevin Vorderstrasse as a document custodian despite the fact that **Steven Simone** acted in his role at the most relevant time period in this case and has repeatedly been identified in depositions as the knowledgeable person about numerous topics, and is therefore both a knowledgeable witness and document custodian. Notably, both Kali Long and Steven Simone still appear to be employed by Hikma, and Hikma's failure to include them in its initial disclosures and document custodians cannot be explained by anything other than lack of investigation or bad faith.

Additionally, Hikma's recently-deposed witnesses have testified that Hikma's business related to its icosapent product has substantially changed since Hikma's document collection, which appears to have occurred before July 2025. While Hikma's produced documents and finances indicate that Hikma's icosapent product was selling at a loss and Hikma was considering leaving the market, Hikma's witnesses stated that this is no longer true and that Hikma is instead making a profit on its icosapent product and has forecasted substantial profitability for this product. None of those documents have yet been produced in this case and substantially affect Plaintiffs' damages contentions and theories. Please identify when Hikma intends to supplement its production to produce those documents. Moreover, it appears from the deposition of Mr. Raya this week that Hikma selectively cherry-picked financial data, omitting the categories of information Mr. Raya would typically expect to see and needed to have before him to testify regarding Hikma's variable and fixed costs for the accused products.

Furthermore, Plaintiffs have not prepared their Rule 30(b)(6) witnesses. Mr. Weiss admitted he was not prepared to answer questions regarding at least topics 4, 55-57, 58-62, 69, 72, 74, and 75-77 for which he was

designated. As counsel for Plaintiffs pointed out on the record during his deposition, Mr. Weiss testified that he did nothing to prepare for and/or did not know any facts regarding topics 4, 55-57, 58-62, 69, 72, 74, and 75-77 (see, e.g, transcript at 117:15-17, 131:20-132:22, 135:25-137:5, 214:5-215:16, 217:23-220:18, 240:14-243:22, 261:21-262:22). Mr. Raya was better prepared for several of his deposition topics but was not prepared for and had undertaken no investigation on several of the topics to which he had been assigned (and, in fact, demonstrated he had no knowledge).

Moreover, as we have already discussed, Hikma's discovery misconduct with respect to agreeing to accept a subpoena for Ms. Koukoutsis and then rejecting service the day of her scheduled deposition only to later reveal Hikma had never apparently even communicated with Ms. Koukoutsis regarding the subpoena is prejudicial.

Plaintiffs provide a revised stipulation relating to discovery deadlines that allows the parties to resolve the discovery disputes that have arisen and may continue to arise in the depositions still to be taken. If Hikma agrees to the stipulation, we expect Hikma to present Ms. Long and Mr. Simone for deposition and will provide their custodial documents at least two weeks prior to their depositions. To the extent this stipulation is unacceptable to Hikma, Plaintiffs will not produce their witnesses out of time without a court order, and the parties can discuss Hikma's refusal to participate in discovery with Magistrate Judge Fallon and/or Judge Andrews.

Moreover, we note that over the past month, Hikma has repeatedly sought to clawback "privileged" documents.  Counsel are sympathetic to and appreciate the importance of clawback agreements, however, counsel's redactions and recent clawback requests are of increasing concern. For example, counsel attempted to claw back an email from a news reporter mid-deposition even though that could not have possibly been privileged and advised the deponent not to answer regarding her knowledge of the non-privileged communications with a news reporter. Ringdal Tr. at 262:24-265:20.  Additionally, during the deposition this week of Alex Raya, Hikma's Senior Director of Marketing and Portfolio Management, Mr. Raya was not able to point to any intended requests for or receipt of privileged information in connection with a spreadsheet apparently widely circulated at Hikma. Given the number of recent clawback disclosures made by Hikma following the depositions and questionable privilege claims raised by Hikma's own witnesses, the parties will also need additional time to resolve these privilege disputes and to potentially reopen these depositions after the privilege disputes are resolved.

-
***Given the close of fact discovery is tomorrow, please provide your availability to meet and confer today on these issues, including extending fact discovery into January and the potential extension of the trial date.  Plaintiffs intend to file a joint discovery dispute letter today with Magistrate Judge Fallon.***

Finally, we note that Mr. Ishikawa will require an interpreter for both written and spoken English.  Additionally, as communicated to counsel previously, his deposition will start at 9am Pacific time.  Please send a corrected notice of deposition at your convenience.


Regards,
Mike


**Michael K. Heins**
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092

+1 858-720-8900 | main
[www.sheppardmullin.com](www.sheppardmullin.com) | LinkedIn

**From:** McGrath, Sarah Elizabeth <SMcGrath@winston.com>
**Sent:** Wednesday, December 10, 2025 7:33 PM
**To:** Michael Heins <MHeins@sheppardmullin.com>; Poullaos, Ivan <IPoullao@winston.com>; Sun, Rain <RYSun@winston.com>; Timothy Cremen <TCremen@sheppardmullin.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>; King, Alison <AMKing@winston.com>; Boyle, Kevin <KJBoyle@winston.com>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

Attached are Defendants' revisions to the stipulation regarding depositions and scheduling adjustments. Please let us know if you will file the stipulation tomorrow morning with the attached revisions.

The headings throughout Plaintiffs' Objections and Responses to Defendants' 30(b)(6) Notice served last night state: "Error! No document variable supplied." Please provide a proper version of the document with correct formatting as soon as possible.

Regarding the deposition of Mr. Ishikawa next week, we understand that Mr. Ishikawa will require an interpreter. Please advise whether Mr. Ishikawa can read and understand English-language exhibits.

Best,



**SARAH MCGRATH**
SHE/HER/HERS
ASSOCIATE ATTORNEY

**T** +1 (650) 858-6411
smcgrath@winston.com

*Admitted to practice in California*

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Tuesday, December 9, 2025 10:42 PM
**To:** McGrath, Sarah Elizabeth <SMcGrath@winston.com>; Poullaos, Ivan <IPoullao@winston.com>; Sun, Rain <RYSun@winston.com>; Timothy Cremen <TCremen@sheppardmullin.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>; King, Alison <AMKing@winston.com>; Boyle, Kevin <KJBoyle@winston.com>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

In the interest of addressing the most time-sensitive issues in your email below as soon as possible, Plaintiffs

advise as follows. The remaining issues will be addressed separately.

1. Amarin's witnesses will be presented in New Jersey as previously agreed.  The reference to Delaware this morning was a typographical error.  Counsel confirmed that Mr. Boothe's deposition is set for New Jersey at Mr. Raya's deposition this afternoon.
2. Plaintiffs' designations are set forth in the attached. Please note that, consistent with the parties' previous discussions, Plaintiffs are not presenting witnesses on contention topics. Please also note that, while Hikma served a single notice (presumably for convenience), Plaintiffs will similarly serve a single response. However, the responses are limited by Plaintiff.
3. Attached is a draft stipulation relating to the parties' agreement to take depositions out of time.
4. Plaintiffs will be serving a document production tomorrow that consists of documents previously identified in Plaintiffs' interrogatory responses for the convenience of the parties.

Regards,
Mike

**Michael K. Heins**
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

**From:** McGrath, Sarah Elizabeth <SMcGrath@winston.com>
**Sent:** Tuesday, December 9, 2025 4:59 PM
**To:** Michael Heins <MHeins@sheppardmullin.com>; Poullao, Ivan <IPoullao@winston.com>; Sun, Rain <RYSun@winston.com>; Timothy Cremen <TCremen@sheppardmullin.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>; King, Alison <AMKing@winston.com>; Boyle, Kevin <KJBoyle@winston.com>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

Regarding Defendants' production of financial data, Defendants strongly disagree with Plaintiffs' characterizations. Defendants' production is more than sufficient and is responsive to Plaintiffs' RFPs.

Regarding Plaintiffs' Rule 30(b)(6) Topic designations, Defendants again disagree with Plaintiffs' characterizations. Plaintiffs conveniently overlook the fact that they served their Amended Notice of 30(b)(6) Deposition on November 6th. Defendants responded as soon as they could on November 17th, only a week and half later. Meanwhile, Defendants have been waiting for designations since they served their Notice of Rule 30(b)(6) Deposition of Plaintiff on October 21st. Plaintiffs have had 7 weeks to give Defendants their designations but have chosen to wait until the last minute to disclose their designations. If Plaintiffs, wrongly, contend that Defendants' response time of only a week and half is prejudicial, then Plaintiffs should understand why their 7-week delay is unacceptable and prejudicial to Defendants. Plaintiffs have had ample time to provide adequate notice of their designations to Defendants but have refused to do so.

On this same point, Plaintiffs state "Plaintiffs will present their witnesses in Delaware next week as already agreed." Plaintiffs have previously asked that depositions be held in or near Bridgewater, New Jersey and remotely for Mr. Hiroshi Ishikawa to the extent that the witness were in Japan or that an in-person deposition were not feasible. Please confirm immediately that, as Plaintiffs represented at Mr. Raya's deposition today, Plaintiffs intend to present their witnesses, besides Mr. Ishikawa, at the Regis 90 Washington Valley Road, Bedminster, NJ 07921. To the extent that Mr. Ishikawa will be presented in the United States and if Plaintiffs will be defending the deposition in person, please advise immediately where the deposition will take place.

Regarding Plaintiffs' accusations that Mr. Weiss was not prepared for the deposition, Defendants again strongly disagree with Plaintiffs' characterizations. For some of the Topics Plaintiff identifies, Steven Weiss was not even designated. For example, Defendants refused to designate any witness for Topic 75. And, for other Topics Plaintiff identified, Defendants have no documents responsive to these requests for which they could have prepared Mr. Weiss. Defendants have no information to share for Topics 58, 60-62, 74, 76, 77. For the remaining Topics, no. 4, 55, 56, 57, 59, 69, and 72, Defendants disagree that Mr. Weiss's testimony was inadequate.

Regarding topic No. 56, during Mr. Weiss's deposition, counsel merely showed the witness topic No. 56, which asks for "the number of page views on a monthly or quarterly basis since inception," and then asked the witness a vague question if he had reviewed "Hikma's website analytics and data." Weiss Tr. 282:25-283:12. The witness's response that he had not reviewed that data "as described" in Plaintiffs' 30(b)(6) notice—i.e., "on a monthly or quarterly basis since inception"—was appropriate, because, as you know, we only agreed to designate the witness regarding "the use of Google Analytics to understand the number of page views for press releases regarding the Accused Product." See K. Boyle 11/20 email. The witness was prepared to testify on the agreed-upon subject matter. He was "broadly aware" of the use of website analytics and testified that he does "look at the number of visitors" for web pages. Weiss Tr. 282:25-283:12. Despite his preparation and knowledge, counsel did not introduce a single exhibit showing "any website analytics or data regarding the number of page views." Weiss Tr. 280:15-23. A deposition is not a memory test. If Plaintiffs wanted to ask the witness about the use of Google Analytics or the number of page views for press releases, Plaintiffs should have either asked a more specific question about that agreed-upon subject matter or introduced a relevant exhibit.

Regarding the agreement to extend deadlines and take depositions out-of-time, please confirm that Plaintiffs are writing a stipulation and will send it to Defendants soon.

Regarding the appearance of the Japanese witnesses on a witness trial list, please confirm that Plaintiffs will agree to make any Japanese witness they plan to call at trial available for deposition, either in Japan or virtually, no later than one month before the trial. If we do not have an agreement with you by tomorrow, please provide a time tomorrow evening to meet and confer.

Thanks,

SARAH MCGRATH



SHE/HER/HERS
ASSOCIATE ATTORNEY

**T** +1 (650) 858-6411
smcgrath@winston.com

*Admitted to practice in California*

---

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Tuesday, December 9, 2025 6:01 AM
**To:** Poullaos, Ivan <IPoullao@winston.com>; Sun, Rain <RYSun@winston.com>; Timothy Cremen <TCremen@sheppardmullin.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>; King, Alison <AMKing@winston.com>; Boyle, Kevin <KJBoyle@winston.com>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

Thank you for agreeing to produce the native version of Hikma's financials consistent with Hikma's production of other Excel files in this case before now. Additionally, we note that Mr. Kommajosyula testified that Hikma's produced financials, showing negative gross profits, were not indicative of Hikma's financial performance over the last three months.  Please identify when Hikma intends to supplement its financial productions to show up updated sales figures throughout the case.  That data would also ideally be available to Mr. Raya today so that the deposition does not need to be left open.

Regarding documents supporting Hikma's financials, Plaintiffs RFP No. 53 requests "Documents sufficient to identify Hikma's profits and margins (including from sales, licensing, distribution, and uses) from, for, or relating to Hikma's Generic Product since its launch by month, quarter, and year, including gross profits, operating profits, net profits, and any other profit metric Hikma uses."  Hikma's production of only a single financial spreadsheet, that appears to have been created for the purposes of litigation, is not sufficient for Plaintiffs to determine Hikma's profits and margins.  Plaintiffs do not have to take Hikma's word for its costs are, and Plaintiffs are entitled to know how Hikma's costs are calculated, including what costs, if any, were used by Hikma to derive its profit margins.

Furthermore, RFP No. 55 requests "[a]ll Documents sufficient to identify each of Hikma's sales and other financial transactions relating to Hikma's Generic Product since Hikma first began development (e.g., transaction data)," and RFP No. 56 requests "Hikma's financial statements since its launch of Hikma's Generic Product, including balance sheets, income statements, and profit and loss statements for Hikma's Generic Product, for the business divisions or groups that include Hikma's Generic Product, and for Hikma companywide."  You do not appear to dispute that Hikma failed to produce its SG&A or PNL statements.  Hikma needs to immediately produce documents identifying and supporting Hikma's purported variable/fixed costs, including with respect to cost of goods, OH, SG&A, and RPM or a PNL for either icosapent or the Rx group.  If Hikma fails to provide this discovery ahead of Mr. Raya's deposition, he (or another corporate designee) will need to be made available for a second deposition.

With respect to Rule 30(b)(6) Topics, Plaintiffs intend to produce those topics tomorrow, and Plaintiffs disclosure of those topics a week before depositions is not prejudicial to Hikma.  Notably, Hikma did not disclose the topics Mr. Weiss would be disclosed on until a week before his deposition and announced

additional topics in your email below this evening.  Hikma has known the identity and roles of Plaintiffs' Rule 30(b)(6) witnesses for weeks and all of their depositions are scheduled for just several days apart.  This is not a situation like Mr. Weiss's where Hikma's Rule 30(b)(6) depositions were scheduled months apart and the failure to disclose topics substantively affected counsel's preparation.  Plaintiffs will present their witnesses in Delaware next week as already agreed.  Plaintiffs note that Hikma has also produced documents after the substantial completion deadline, including important financial documents produced **after** Plaintiffs' first Rule 30(b)(6) deposition of Hikma.  Hikma's demand for different treatment is improper.

Plaintiffs are unaware of a rule allowing Hikma to purposely forego depositions in fact discovery with the intent of taking depositions out of time if an individual appears on a trial witness list.  Nonetheless, to avoid burdening the Court with a dispute over theoretical trial witness lists at this time, Plaintiffs are considering Hikma's request and will confirm by the end of the week if they can agree to Hikma's proposal.

Lastly, regarding Mr. Weiss's lack of preparation, we are surprised that you continue to ask for details as to how he was not prepared to answer questions regarding at least topics 4, 55-57, 58-62, 69, 72, 74, and 75-77 for which he was designated. As Ms. Merrill pointed out on the record during his deposition, Mr. Weiss testified that he did nothing to prepare for and/or did not know any facts regarding these topics (see, e.g, transcript at 117:15-17, 131:20-132:22, 135:25-137:5, 214:5-215:16, 217:23-220:18, 240:14-243:22, 261:21-262:22).  We expect Mr. Raya to testify as to topics 4, 61, and 69 as you indicate. Regarding the remainder, we expect that you will designate another witness to handle these topics and/or that you will provide Mr. Weiss for a second deposition to provide testimony to which Plaintiffs are entitled.

Regards,
Mike

**Michael K. Heins**
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

**Sheppard**Mullin

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Poullaos, Ivan <IPoullao@winston.com>
**Sent:** Monday, December 8, 2025 5:02 PM
**To:** Michael Heins <MHeins@sheppardmullin.com>; Sun, Rain <RYSun@winston.com>; Timothy Cremen <TCremen@sheppardmullin.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>; King, Alison <AMKing@winston.com>; Boyle, Kevin <KJBoyle@winston.com>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

Regarding Mr. Weiss, we are still awaiting the details you said you would be providing as to why you believe Mr. Weiss was not adequately prepared for his deposition.  As noted earlier, we do not agree that

Mr. Weiss was inadequately prepared. Moreover, we did not represent that Mr. Raya would be designated on all topics for which Mr. Weiss was designated. However, we did note that there was substantial overlap between the topics for both witnesses, specifically with respect to issues concerning marketing and commercialization. Therefore, we will not object to Plaintiffs' counsel asking questions of Mr. Raya in his representative Rule 30(b)(6) capacity regarding Topics 4, 16, 61, and 69, in addition to the other topics for which Mr. Raya is designated. Again, Mr. Weiss has already been presented on these topics and was adequately prepared to discuss them. We make this offer purely to eliminate needless disputes.

Regarding your question about the document at HIK(ICO)-DE-00437205, we disagree that it is difficult to read. However, again, and purely to eliminate a needless dispute, we are willing to produce the document in its native format and will do so in advance of the Raya deposition.

With respect to your questions about additional unspecified documents "supporting [Hikma's] financials," we note that Hikma has produced financial documents in accordance with its responses to Plaintiffs requests for production. We do not read your email to be taking issue with any of Hikma's responses to any particular request for production. We trust this resolves your concerns.

With respect to Plaintiffs' witnesses, we still have not heard from Plaintiffs regarding the specific topics to be covered by any of their witnesses to be designated under Rule 30(b)(6). This is a violation of the parties' agreement, and you have also not given us any times to meet and confer on this issue. Meanwhile, Plaintiffs have continued to produce significant volumes of documents that Defendants will now need to review in preparation for these depositions. Accordingly, please provide a proposed stipulation immediately permitting these depositions to be taken after the close of fact discovery, and provide amended dates of availability that permit Defendants at least 14 days' notice of the designated topics prior to the deposition. If you disagree with any of these requests, please be prepared to meet and confer at the deposition of Mr. Raya tomorrow.

Finally, you have not responded to our request that Plaintiffs confirm they will agree to make any Japanese witness they plan to call at trial available for deposition, either in Japan or virtually, no later than one month before the trial. We will assume that this arrangement is acceptable to Plaintiffs unless you tell us otherwise immediately. Again, if necessary, we are prepared to go to Court on this issue.

Regards,
Ivan.



**IVAN POULLAOS**
PARTNER

**T** +1 (312) 558-7962
ipoullao@winston.com

*Admitted to practice in Illinois*

---

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Monday, December 8, 2025 10:35 AM
**To:** Sun, Rain <RYSun@winston.com>; Timothy Cremen <TCremen@sheppardmullin.com>; farnan@rlf.com;

Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>; King, Alison <AMKing@winston.com>; Boyle, Kevin <KJBoyle@winston.com>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

With respect to Mr. Weiss, thank you for confirming Mr. Raya will be prepared on the topics Mr. Weiss was not prepared on, including Topic Nos. 4, 55-57, 58-62, 69, 72, 74, and 75-77.  Plaintiffs reserve all rights to recall Mr. Weiss if necessary.

Additionally, Hikma only produced its financials in a PDF of an excel spreadsheet that is difficult to read (HIK(ICO)-DE-00437205).  Please provide the native version of this spreadsheet as soon as possible. Additionally, it does not appear that Hikma produced any other documents supporting its financials, including documents identifying and supporting Hikma's purported variable/fixed costs, including with respect to cost of goods, OH, SG&A, and RPM or a PNL for either icosapent or the Rx group. If these documents have already been produced, please identify them in Hikma's production.  If not, please confirm Mr. Reya will bring copies of each to his deposition tomorrow.

Regards,
Mike

**Michael K. Heins**
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

## SheppardMullin

12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Sun, Rain <RYSun@winston.com>
**Sent:** Friday, December 5, 2025 6:22 PM
**To:** Michael Heins <MHeins@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>; King, Alison <AMKing@winston.com>; Boyle, Kevin <KJBoyle@winston.com>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Dear Counsel,

In response to the points raised in your email earlier today, please see our responses below:

Alex Raya: We confirm that the deposition of Alex Raya is scheduled to take place at the Embassy Suites in Berkley Heights, NJ.

Elizabeth Sarnowski: Thank you for confirming that Ms. Sarnowski's deposition will be rescheduled for January 6, 2026, in Cleveland. Regarding the extension proposed by the Plaintiffs, we are amenable to making an exception

and accepting the following revised deadlines so long as all other case deadlines remain intact:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Extension to Take Depositions Out of Time | 12/12/2025 | 01/14/2026 |
| Opening expert reports due | 1/9/2026 | 01/16/2026 |
| Rebuttal expert reports due | 2/13/2026 | 02/20/2026 |
| Reply expert reports due | 3/13/2026 | 3/20/2026 |
| Close of expert discovery | 4/3/2026 | 4/10/2026 |

Chris Rector: We will schedule Chris Rector's deposition at our Dallas office at 8am CT. The address is: 2121 N Pearl St Suite 900, Dallas, TX 75201.

With respect to Mr. Weiss, we disagree with your allegations but point out that the dispute is moot given that Alex Raya is designated on topics that are substantially similar to the marketing and commercialization topics you complain about.

Hiroshi Ishikawa: We still have not received the designations of Rule 30(b)(6) topics for this witness or for any other witness, despite your agreement to do so 14 days prior to any 30(b)(6) deposition. It is now past close of business on a Friday and this deposition is scheduled in little more than a week.  Please provide the designations immediately or let us know your availability to meet and confer so that we can seek relief from the Court to compel Rule 30(b)(6) designations and testimony.

Japanese Witnesses: Plaintiffs don't reasonably expect Japanese witnesses to be deposed before the close of fact discovery. Please confirm that Plaintiffs will make any Japanese witness they plan to call at trial available for deposition, either in Japan or virtually, no later than one month before the trial. If this is not acceptable, please let us know when you're available to meet and confer so we can seek relief from the Court.

Best Regards,
Rain



**RAIN SUN**
LAW CLERK

**T** +1 (650) 858-6406
rysun@winston.com

---

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Friday, December 5, 2025 10:32 AM
**To:** Sun, Rain <RYSun@winston.com>; Timothy Cremen <TCremen@sheppardmullin.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>; King, Alison <AMKing@winston.com>; Boyle, Kevin <KJBoyle@winston.com>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

Regarding the points raised in your email yesterday, we respond as follows:

Alex Raya: Thank you for informing us as to the potential Embassy Suites location for Tuesday. Please confirm as soon as possible so we can plan accordingly and serve the amended notice.

Elizabeth Sarnowski: Ms. Sarnowski is a party witness for Hikma, and as such, Plaintiffs have twice noticed Ms. Sarnowski's deposition to occur in Delaware prior to the close of fact discovery and a full month before the disclosure of opening expert reports. Hikma advised those deposition dates did not work at the noticed location. **At Hikma's request**, Plaintiffs agreed to take Ms. Sarnowski's deposition at her location in Cleveland if the date of her deposition is agreeable to both parties given complex travel logistics. Thus far, the only agreeable dates for a Cleveland deposition appear to be in January (either on the 6th or the 14th), but Hikma has never disclosed Ms. Sarnowski's full deposition availability. Plaintiffs are agreeable to either of the January dates proposed by Hikma provided that there is a modest extension of fact discovery given Ms. Sarnowski's importance as a Rule 30(b)(6) witness. Despite the fact that her deposition should have concluded a month before opening expert reports were due pursuant to the current scheduling order, Plaintiffs have only asked for a modest extension of deadlines. This proposal also accommodates Ms. Ronco's availability, which is particularly important in view of recent testimony that Ms. Ronco, and not Ms. Ringdal, should be knowledgeable regarding commercialization of the accused products. The proposal also allows for the parties to resolve any disputes that may occur during her deposition, for example the need for additional document production or testimony if Ms. Sarnowski is not prepared for any of her designated topics. Based on a January 6th deposition date, Plaintiffs propose the following schedule, which amounts to a mere 7-day extension of expert deadlines:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Extension to Take Depositions Out of Time | 12/12/2025 | 01/14/2026** |
| Opening expert reports due | 1/9/2026 | 01/16/2026 |
| Rebuttal expert reports due | 2/13/2026 | 02/20/2026 |
| Reply expert reports due | 3/13/2026 | 3/20/2026 |
| Close of expert discovery | 4/3/2026 | 4/10/2026 |

**Still set for January 14th because of Ms. Ronco and Dr. Soni's scheduled depositions.

Plaintiffs believe this modest extension is reasonable in exchange for not requiring Ms. Sarnowski to travel for a deposition and accommodating Ms. Sarnowski's scheduling preferences over the upcoming holidays.

Chris Rector: Plaintiffs should be able to accommodate an 8:00 am CT deposition start in Dallas. Plaintiffs will notice the deposition for Sheppard Mullin's Dallas office and make travel arrangements accordingly. If Hikma intends to produce the witness in a different location, please provide that location immediately so that the parties can make travel arrangements, which have limited availability due to the proximity to the holidays.

Plaintiffs disagree with your characterization with respect to Ms. Koukoutsis and Mr. Weiss and reserve all

rights.

Regarding certain of Mochida's employees, as we have stated previously, Plaintiffs are not aware of any rule requiring Plaintiffs to decide and announce their trial witness list at this time. The parties' negotiated a protective order that only required certain directors, officers, and agents to be deposed in Delaware rather than the witnesses' location. Hikma agreed to this protective order knowing that one of the Plaintiffs was a Japanese entity. Additionally, at Hikma's insistence, Plaintiffs have agreed to take all depositions so far at Hikma's requested locations. Plaintiffs have already stated numerous times that they were willing to make Mochida's disclosed employees available in Japan and will inquire into availability if Hikma secures deposition room availability at the U.S. embassy in Japan.

Regarding foreign, third parties, Hikma has still not presented any authority suggesting Plaintiffs have the ability to make third parties, represented by other counsel, in foreign countries, appear in the United States for a deposition. If Hikma wants to take these depositions during fact discovery, Hikma needs to serve subpoenas on those third parties' counsel. As stated above, Plaintiffs are not aware of any rule requiring Plaintiffs to decide on their trial witness list at this time. These witnesses have been disclosed for years; there is no undue surprise here. And, until just recently, Hikma had represented it had no interest in deposing these individuals.

Regards,
Mike

**Michael K. Heins**
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

**Sheppard**Mullin

12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Sun, Rain <RYSun@winston.com>
**Sent:** Thursday, December 4, 2025 5:43 PM
**To:** Michael Heins <MHeins@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>; King, Alison <AMKing@winston.com>; Boyle, Kevin <KJBoyle@winston.com>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Dear Counsel,

Regarding the ongoing deposition matters, our responses are as follows:

Alex Raya: We are arranging for the deposition to take place at the Embassy Suites, Berkley Heights, NJ. We are awaiting confirmation, but will let you know if that location changes.

Elizabeth Sarnowski: You asked us to reschedule this deposition in January. Thus, you are in no position to rely on our accommodation of your request to justify extending the case schedule. Your proposed deadline extensions are not acceptable. In an effort to resolve this issue, however, we propose a deposition date of January 6, which obviously is before the deadline for opening expert reports. If the deposition transcript is not finalized by the

opening expert report deadline, we won't object to Plaintiffs serving supplemental opening expert reports shortly after the final transcript becomes available solely to include corrected deposition transcript cites.

Hiroshi Ishikawa: You have not provided the designations of Rule 30(b)(6) topics for this witness or for any other witness, despite agreeing to do so 14 days prior to any 30(b)(6) deposition. Please provide the designations tomorrow.

Chris Rector: We would like to start this deposition at 8:00 am in Dallas.

Chrysoula Koukoutsis: The last-known phone number for Ms. Koukoutsis is 614-302-5658. She did not answer this number when we called her, and we do not know if this is still her phone number. We also have no knowledge as to whether she is represented by counsel.

Regarding Mr. Weiss's deposition, we disagree that he was not educated or prepared to testify on behalf of Hikma for the designated topics. We understand that "Plaintiffs will be following up" on this issue and we look forward to your response.

Japanese witnesses:

To date, Plaintiffs have not proposed any deposition date for any Mochida employee in Japan or otherwise, and Plaintiffs have repeatedly rejected our proposals to discuss which (if any) Mochida witnesses Plaintiffs intend to call to trial. It is Plaintiffs' burden to make witnesses—especially party witnesses— available for deposition if Plaintiffs intend to call those witnesses at trial. Your purported offer to "make Mochida employees" available in Japan a week before discovery closes is plainly insufficient for Plaintiffs to reserve the right to call these witnesses at trial. If Plaintiffs intend to call one or more of these witnesses at trial, they need to make them available for deposition in the US immediately; alternatively, the witness(es) should be made available for a virtual examination. If Plaintiffs fail to do so and think they can still call any of these witnesses to testify at trial, please let us know when you are available to meet and confer so we can take this issue to Court.

Similarly, as for third-party Japanese witnesses, if Plaintiffs intend to call one or more of these witnesses at trial, they have the burden to make them available for deposition—even if they are represented by different counsel. Telling us to coordinate with another law firm and travel to Japan to depose four witnesses without any good-faith discussion on whether Plaintiffs even intend to call any of these witnesses at trial constitutes gamesmanship and is plainly designed to harass Hikma. If Plaintiffs think they have the right to call any of these witnesses to testify at trial despite failing to make them available for deposition, please let us know when you are available to meet and confer so we can take this issue to Court.


Best regards,
Rain



**RAIN SUN**
LAW CLERK

**T** +1 (650) 858-6406
rysun@winston.com

---

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Thursday, December 4, 2025 3:53 PM
**To:** King, Alison <AMKing@winston.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Boyle, Kevin <KJBoyle@winston.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

There is an inadvertent error in the email below.  Mr. Ishikawa is available for deposition as previously offered on Wednesday, December 17th.  We apologize for any confusion.

Regards,
Mike

**Michael K. Heins**
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Thursday, December 4, 2025 1:20 PM
**To:** King, Alison <AMKing@winston.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Boyle, Kevin <KJBoyle@winston.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

We agree that the parties appear to be close to agreement on deposition scheduling, but there are a few important issues that need to be resolved as quickly as possible.

- Alex Raya (December 9): Please provide Hikma's location for the deposition of Mr. Raya in Berkley Heights, NJ so that Plaintiffs can finalize travel plans. Is Hikma planning to host at their headquarters? We will provide the court reporter and videographer information by early tomorrow.

- Hiroshi Ishikawa (December 16): Thank you for confirming Plaintiffs intend to depose Mr. Ishikawa remotely. As we mentioned previously, Mr. Ishikawa speaks Japanese and will require an interpreter. Please note that Plaintiffs intend to have a check interpreter attend the deposition.

- Chris Rector (December 19): Plaintiffs will host the deposition of third party Mr. Rector at the Sheppard Mullin offices (2200 Ross Avenue, 20th Floor, Dallas, TX 75201). We will ensure a breakout room is available to Plaintiffs.

- Paresh Soni (January 14): We will let Mr. Soni know that his deposition has been set for January 14 in Mystic, Connecticut or remotely. Please see the note below, however, regarding scheduling.

- Elizabeth Sarnowski (January 14): Thank you for letting us know that Ms. Sarnowski can be available on January 14, 2026 in Cleveland, Ohio. However, we note that taking the deposition of Hikma's corporate designee on numerous 30(b)(6) topics would necessitate an extension of the deadline for at least opening expert reports (and likely subsequent deadlines) based on the subject matter of her deposition. Plaintiffs are amenable to either scheduling Ms. Sarnowski for early January or a modest schedule adjustment (proposal in the table below) to accommodate the requested date in mid-January:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Extension to Take Depositions Out of Time | 12/12/2025 | 01/14/2026 |
| Opening expert reports due | 1/9/2026 | 01/26/2026 |
| Rebuttal expert reports due | 2/13/2026 | 02/27/2026 |
| Reply expert reports due | 3/13/2026 | 3/27/2026 |
| Close of expert discovery | 4/3/2026 | 4/20/2026 |

Plaintiffs offer the above proposed dates as an initial starting point and are amenable to negotiating mutually agreeable adjustments. That said, please note that Plaintiffs will need the opening expert report deadline to be set at least 10 days after the conclusion of Ms. Sarnowski's deposition based on the scope of topics for which Ms. Sarnowski was designated by Hikma.

- Chrysoula Koukoutsis: Plaintiffs disagree with Hikma's characterization of events relating to Hikma's acceptance of a subpoena on Ms. Koukoutsis's behalf. Moreover, Hikma's refusal to even share a phone number for Ms. Koukoutsis despite purportedly being in contact with her is inexcusable. Provide Ms. Koukoutsis's phone number or contact information for her counsel (if she has engaged counsel) **today**. In order to move this process forward without court intervention for now, Plaintiffs will issue a new subpoena for Ms. Koukoutsis based on Hikma's representation that it will consent to the deposition occurring after the close of fact discovery and any necessary extension of the fact discovery deadline to accommodate Ms. Koukoutsis's availability. We await Hikma's confirmation. Plaintiffs reserve all rights, including the ability to move to compel and/or for sanctions in the event Ms. Koukoutsis's deposition cannot be taken in a timely manner or at all.

With respect to other outstanding issues in the parties' correspondence, we again reiterate that Plaintiffs are willing to make Mochida employees Reiko Nakano and Osamu Yamashita available for deposition in Japan, which is the location of the witnesses. Please advise if Hikma has attempted to secure deposition room availability for the witnesses at the U.S. Embassy, which is necessary for an in person or remote deposition if the witness is located in Japan.

We also reiterate that Hideki Origasa, Masunori Matsuzaki, Yuji Matsuzawa, and Yasushi Saito are not employees of Amarin or Mochida, and Plaintiffs' counsel does not represent these individuals. Plaintiffs do not object to Hikma taking the depositions of these witnesses, but Plaintiffs' counsel does not represent those witnesses and cannot accept a subpoena on the witnesses' behalf. Please coordinate any such deposition with those individuals' counsel. Plaintiffs understand Hikma should contact: White & Case Law Offices (Registered Association), Marunouchi Trust Tower, 1-8-3 Marunouchi, Chiyoda-ku, Tokyo 100-0005 (as stated in Plaintiffs' Second and Third Supplemental Initial Disclosures) for their deposition availability.

Finally, as mentioned previously, during the deposition of Mr. Weiss, counsel for Hikma objected to any questioning of the witness, who was noticed and deposed both as a Rule 30(b)(6) corporate designee and in his individual Rule 30(b)(1) capacity, beyond 7 hours, including re-cross time. Plaintiffs will correspondingly truncate all depositions of Plaintiffs' corporate designees at 7 record hours, including re-cross. Plaintiffs

reserve the right to (and did, as to Mr. Weiss, based on his lack of knowledge and preparation on most of his designated topics) leave depositions open and to conduct additional examination of the designated topics where a witness is not able to testify on the noticed topics.

Plaintiffs will be following up regarding the substantial number of topics for which Mr. Weiss was designated but was not educated or otherwise able to testify on behalf of Hikma, including at least Topic Nos. 4, 55-57, 58-62, 69, 72, 74, and 75-77. Please let us know if Hikma will be making Mr. Weiss available for a second deposition or identifying a new corporate designee for those topics.

Regards,

Mike

**Michael K. Heins**
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio


**Sheppard**Mullin
12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** King, Alison <AMKing@winston.com>
**Sent:** Wednesday, December 3, 2025 3:24 PM
**To:** Michael Heins <MHeins@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Boyle, Kevin <KJBoyle@winston.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

Thank you for confirming that we are in agreement on a majority of the upcoming fact deposition dates and locations. Regarding the outstanding issues noted in your email:

- Andrea Cady: Please provide logistics for the deposition, including the link for the remote deposition and how Plaintiffs intend to share exhibits with the witness.  The witness will be taking the deposition from the Renaissance Cincinnati Downtown Hotel.

- Elizabeth Sarnowski: Ms. Sarnowski can be available on January 14, 2026 in Cleveland. Please confirm that this date is acceptable for Plaintiffs.

- Chris Rector: We confirm that Mr. Rector is available on December 19 in Dallas.

- Hiroshi Ishikawa: We can agree to conduct this deposition remotely.

- Paresh Soni: We are available to take this deposition on January 14 in Connecticut or remotely. This deposition date does not necessitate extending the opening expert report deadlines.

- Chrysoula Koukoutsis: We strongly disagree with Plaintiffs' position that Hikma accepted service of a subpoena and subsequently failed to provide a witness. As the record reflects, upon receiving a deposition notice from Plaintiffs to Ms. Koukoutsis, we reminded Plaintiffs that she is no longer an employee of Hikma and that the Rule 30(b)(1) notice of deposition served on Hikma was thus improper. We explained that Plaintiffs could only depose Ms. Koukoutsis—a third party—pursuant to a subpoena,

and we offered to endeavor to "provide [her] availability as soon as possible" as a courtesy if Plaintiffs provided a proposed subpoena. K. Boyle Email Correspondence dated 10/29/2025. That is exactly what we did. We attempted to contact Ms. Koukoutsis on multiple occasions to inquire as to whether we could accept service of the subpoena and determine her availability for deposition. We were unable to obtain such agreement or information. As such, and as stated on multiple occasions, we have not been retained by Ms. Koukoutsis and are not privy to her availability. Plaintiffs' complaint that we "did not object to service of the subpoena" in a timely manner is nonsensical, as we were not authorized to accept service and were not retained by the witness to make any objections on her behalf. Nonetheless, we will reiterate the following to try to resolve this dispute: (1) Hikma will not call Ms. Koukoutsis at trial, which we believe relieves the need for her deposition; and (2) notwithstanding that agreement, Hikma has provided the witness's last known address so that Plaintiffs can endeavor to serve a subpoena. Additionally, as requested, her email address is cktang77@gmail.com.   We do not agree to extend the schedule based on this deposition. If Plaintiffs properly serve a subpoena on Ms. Koukoutsis, we would agree to allow the deposition to occur past the close of fact discovery, as is being done for several other witnesses.

We will keep our eyes out for a draft stipulation regarding certain depositions being taken after the close of fact discovery.

Best,
Alison



**ALISON KING**
ASSOCIATE ATTORNEY

**T** +1 (312) 558-5992
amking@winston.com

*Admitted to practice in Illinois, Patent and Trademark Office*

---

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Wednesday, December 3, 2025 1:58 PM
**To:** Timothy Cremen <TCremen@sheppardmullin.com>; King, Alison <AMKing@winston.com>; Boyle, Kevin <KJBoyle@winston.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

We understand there is a lot of information to respond to from Mr. Cremen's email below, sent yesterday. However, can Hikma please advise as soon as possible whether it is providing alternate dates in the first two weeks of January for Ms. Sarnowski's deposition? We believe the parties need to determine a mutually agreeable time and place for this deposition as soon as possible.

Regards,
Mike

**Michael K. Heins**
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

**Sheppard**Mullin

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Timothy Cremen <TCremen@sheppardmullin.com>
**Sent:** Tuesday, December 2, 2025 2:49 PM
**To:** King, Alison <AMKing@winston.com>; Michael Heins <MHeins@sheppardmullin.com>; Boyle, Kevin <KJBoyle@winston.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel:

Your chart below is largely agreed but there are a few outstanding issues to be resolved.

Regarding the deposition of Andrea Cady, Plaintiffs will be switching that to remote to accommodate her limited availability as a third party. We will forward the log-in details under separate cover.

Regarding the deposition of Elizabeth Sarnowski, as we have previously mentioned, we cannot accommodate depositions of Hikma's corporate designees in different states on successive days. Per the indication at the end of your email, please let us know Ms. Sarnowski's availability during the first two weeks of January.

Regarding the deposition of Chris Rector, please confirm that he is available on December 19th. If so, we can confirm that deposition date in Dallas.

We are confirming a location for Mr. Ishikawa, but with the time difference, we will not be able to confirm his location today. We have asked a few times whether Hikma plans to proceed with his deposition remotely, which would provide Mr. Ishikawa more flexibility to find a convenient location (albeit outside of Japan to comply with local requirements). Are you in a position to confirm whether Hikma will be taking his deposition remotely?

Regarding the deposition of Paresh Soni, Dr. Soni will be traveling on an extended trip internationally but is scheduled to return the week of January 11th.  Dr. Soni has agreed to be available for deposition January 14 or 15 in or near Mystic, Connecticut.  Please let us know which day would work better for Hikma.  We are sensitive to the expert report deadline and can agree to a mutual one-week extension of those deadlines to accommodate Dr. Soni's availability as a third party.

Finally, regarding Chrysoula Koukoutsis, the record is clear that Hikma's counsel expressly accepted service of a subpoena on behalf of Ms. Koukoutsis and failed to provide a witness or otherwise move for a protective order to prevent her deposition from going forward on November 25, 2025. Even if there was not express acceptance of the subpoena, Hikma's counsel's actions implicitly accepted a subpoena on Ms. Koukoutsis's behalf by: (1) asking Plaintiffs to provide a subpoena rather than deposition notice to Hikma's counsel; (2) stating that Hikma's counsel was checking for the witness's deposition availability as though Hikma's counsel represented the witness; (3) not objecting to service of the subpoena for three weeks; and (4) not objecting to service of the subpoena until the day of the commanded deposition. Hikma's offer to not call Ms. Koukoutsis at

trial does not remedy Hikma's attempts to prevent Plaintiffs from seeking relevant discoverable information from Ms. Koukoutsis. **Please immediately: (i) provide Ms. Koukoutsis's email and phone number; (ii) identify Ms. Koukoutsis's counsel (if known); and (iii) confirm that Hikma will agree to extend the fact discovery completion date as needed in order for Plaintiffs to complete a deposition of Ms. Koukoutsis (and any related document production).** Plaintiffs reserve all rights regarding moving to compel and/or for sanctions.

Best,
Tim

**Timothy P. Cremen**
+1 202-747-1854 | direct
TCremen@sheppardmullin.com | Bio

**Sheppard**Mullin
2099 Pennsylvania Avenue, NW, Suite 100
Washington,  DC 20006-6801
+1 202-747-1900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** King, Alison <AMKing@winston.com>
**Sent:** Tuesday, December 2, 2025 11:48 AM
**To:** Michael Heins <MHeins@sheppardmullin.com>; Boyle, Kevin <KJBoyle@winston.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel,

Below is a chart confirming the scheduled depositions:

| Date | Witness | Location |
|---|---|---|
| Week of 12/1 | | |
| 12/2 | Naveen Kommajosyula | NYC |
| 12/3 | Susan Ringdal | NYC |
| 12/4 | Andrea Cady | Cincinnati |
| Week of 12/8 | | |
| 12/8 | Elizabeth Sarnowski | Cleveland |
| 12/9 | Alex Raya | Berkley Heights, NJ |
| 12/12 | Kevin Vorderstrasse | St Peters, Missouri |
| Week of 12/15 | | |
| 12/15 | Chris Rector | Dallas |
| 12/16 | Eric Boothe | In or near Bridgewater, NJ |

| 12/17 | Hiroshi Ishikawa | <mark>Please provide location</mark> |
|-------|------------------|-------------------------------------|
| 12/18 | Steven Ketchum | In or near Bridgewater, NJ |
| 12/19 | Aaron Berg | In or near Bridgewater, NJ |
| | Week of 1/5 | |
| 1/8 | Kristy Ronco | Berkley Heights, NJ |

Please confirm the deposition date for Paresh Soni as soon as possible.

Regarding your request to depose Chrysoula Koukoutsis, as discussed, we reached out to her to see if we could accept service of a subpoena and coordinate deposition scheduling. She did not retain us as counsel or authorize us to accept service of a subpoena. As such, we are only able to provide her last-known address:

     5729 Bayside Ridge Dr
     Galena, OH 43021-8035

As also discussed, we do not intend to call her to testify at trial. But if you wish to depose her, you may proceed by subpoenaing her directly.

To accommodate witness schedules, we do not object to certain depositions occurring the week of December 15 or in early January if needed, as long as the remaining case schedule remains intact.  Please provide a draft stipulation stating that certain agreed-upon depositions will be taken beyond the close of fact discovery.

Lastly, of course, a party may not call a witness listed on initial disclosures at trial if that witness has not been made available for deposition. This includes third-parties or party employees residing in Japan. If you disagree, please let us know when you can be available to meet and confer so we can seek relief from the court on this issue.

Best,
Alison



**ALISON KING**
ASSOCIATE ATTORNEY

**T** +1 (312) 558-5992
amking@winston.com

*Admitted to practice in Illinois, Patent and Trademark Office*

---

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Wednesday, November 26, 2025 9:42 PM
**To:** Boyle, Kevin <KJBoyle@winston.com>; farnan@rlf.com; Kourtney Merrill <KMerrill@sheppardmullin.com>; LegalTm-Amarin-20-1630 <LegalTm-Amarin-20-1630@sheppardmullin.com>
**Cc:** Dominick Gattuso <dgattuso@hegh.law>; Winston-Hikma-icosapent <Winston-Hikma-icosapent@winston.com>; Mary Stewart <MStewart@hegh.law>
**Subject:** RE: Amarin Pharma, Inc. et al v. Hikma Pharmaceuticals USA Inc., - Depositions

Counsel:

# Exhibit F

**From:** Steven Simone
**Sent:** Wednesday, November 4, 2020 1:21 PM
**To:** Naveen Kommajosyula
**Subject:** FW: RxSS Icosapent Launch pricing offer; 20-0983 RxSS Icosapent Ethyl caps NBO 11-02-20
**Attachments:** Proposal_RxSS_Icosapent_04Nov2020.pdf

**Steven Simone**
Senior Product Manager, Launch Excellence
**Hikma**
Direct: 1. 614.241.4116
Mobile: 1. 614.914.0661
ssimone@hikma.com

**From:** Kali Long <klong@Hikma.com>
**Sent:** Wednesday, November 04, 2020 8:19 AM
**To:** Regina Loprete <rloprete@Hikma.com>
**Cc:** US Generics Pricing <usgenericspricing@hikma.com>; Carl Mullner <cmullner@Hikma.com>; Sherice Koonce <shkoonce@Hikma.com>; US Contracts <uscontracts@Hikma.com>; Kristy Ronco <kronco@Hikma.com>; Christopher Bonny <cbonny@Hikma.com>; Steven Simone <ssimone@Hikma.com>
**Subject:** RE: RxSS Icosapent Launch pricing offer; 20-0983 RxSS Icosapent Ethyl caps NBO 11-02-20

Hi Gina – can we please add/list allocated qtys for each member to this offer? Would like it to be clear the total qty that each wholesaler member will be allocated. Please also include HDA/SDS on the email that we send to the customer. Please direct the email to Carl and Tony and copy Deidre, Mike, and Valerie

CKoeneman@smithdrug.com
Anthony.mihelich@Andanet.com

Michael.Porter@Andanet.com
Deidre.Ashworth@Andanet.com
Valerie.DelValle@andanet.com

**Kali Long**
Director National Accounts
**Hikma**
Mobile: 810.324.4343
klong@hikma.com

200 Connell Drive, 4th Floor, Berkeley Heights, NJ 07922
Main: 1.908.873.1030
**www.hikma.com/us**

**From:** Regina Loprete <rloprete@Hikma.com>
**Sent:** Tuesday, November 3, 2020 2:29 PM
**To:** Kali Long <klong@Hikma.com>
**Cc:** US Generics Pricing <usgenericspricing@hikma.com>; Carl Mullner <cmullner@Hikma.com>; Sherice Koonce <shkoonce@Hikma.com>; US Contracts <uscontracts@Hikma.com>; Kristy Ronco <kronco@Hikma.com>; Christopher Bonny <cbonny@Hikma.com>; Steven Simone <ssimone@Hikma.com>
**Subject:** FW: RxSS Icosapent Launch pricing offer; 20-0983 RxSS Icosapent Ethyl caps NBO 11-02-20

Hi Kali,

The letter was updated to confirm that: The combined initial order quantities of the WAC buying members shall not exceed the allocation indicated above.

Please review all details and confirm that it's approved to go to RxSS tomorrow.

Thanks,

Gina

**From:** Regina Loprete
**Sent:** Tuesday, November 3, 2020 2:00 PM
**To:** Kali Long <klong@Hikma.com>
**Cc:** US Generics Pricing <usgenericspricing@hikma.com>; Carl Mullner <cmullner@Hikma.com>; US Contracts <uscontracts@Hikma.com>; Sherice Koonce <shkoonce@Hikma.com>; Kristy Ronco <kronco@Hikma.com>; Christopher Bonny <cbonny@Hikma.com>; Steven Simone <ssimone@Hikma.com>
**Subject:** FW: RxSS Icosapent Launch pricing offer; 20-0983 RxSS Icosapent Ethyl caps NBO 11-02-20

Hi Kali,

Please review the attached offer and approve that all details are captured as requested.

This will be sent to RxSS on 11/4.

Thanks,

Gina

**From:** Carl Mullner <cmullner@Hikma.com>
**Sent:** Tuesday, November 3, 2020 1:41 PM
**To:** Regina Loprete <rloprete@Hikma.com>; Kali Long <klong@Hikma.com>

1

HIGHLY CONFIDENTIAL - AEO

HIK(ICO)-DE-00024175

Cc: Sherice Koonce <shkoonce@Hikma.com>; US Contracts <uscontracts@hikma.com>; US Generics Pricing <usgenericspricing@hikma.com>; Christopher Anthony Gallant <cgallant@hikma.com>; Steven Samson <ssamson@hikma.com>
Subject: RxSS Icosapent Launch pricing offer; 20-0983 RxSS Icosapent Ethyl caps NBO 11-02-20

Good afternoon Kali and Gina,

Please see the attached pricing for our RxSS indirect price for their WAC buyers only for Icosapent.

**Internal Comments:**
No Stocking allowance
Send to customer on 11/4/2020

**External Comments**
Initial order quantity shall not exceed the allocation indicated above
Future allocation to be mutually agreed upon by the parties
Service Level Penalties and Failure to Supply are not applicable unless otherwise mutually agreed upon in writing
No Distribution Center (DC) Level Returns will be allowed

Thanks,

**Carl Mullner**
Manager, Pricing and Analytics
**Hikma**
Direct Desk: 1.908.673.1488
Extension: 701488
Cell: 484.888.4510
cmullner@hikma.com

200 Connell Drive, 4th Floor, Berkeley Heights, NJ 07922
Main: 1.908.673.1030
**www.hikma.com/us**


**From:** Carl Mullner <cmullner@Hikma.com>
**Sent:** Monday, November 02, 2020 4:27 PM
**To:** Regina Loprete <rloprete@Hikma.com>; Kali Long <klong@Hikma.com>
**Cc:** Sherice Koonce <shkoonce@Hikma.com>; US Contracts <uscontracts@hikma.com>; US Generics Pricing <usgenericspricing@hikma.com>
**Subject:** RxSS Icosapent Launch Prelim pricing offer

Good afternoon Gina and Kali,

We are still waiting on finalized volumes but we are sending pricing detail now to allow the contracts team to get the offers drafted now.  Once we get a final approval, we will send an official offer email.

**Contracts**

|  |  |  |  |  |  |  |  | New Pricing | | | | | |
| Contract Description | Customer Name | Contract External Description | Material | NDC 4-4-2 | NDC Sub 2 | Material Description | Current WAC | New Retail Indirect Contract Price | New Retail Indirect Net to* | New Retail Direct Contract Price | Jad Contract Price for WAC Customers | Bid Volumes | Lead Time | Bid Position |
|  | RxSS |  | C00054050823 | 0054-0508-23 | 00054-0508-23 | Icosapent Ethyl Caps 1GM, 120 | $301.86 | $198.77 | $198.77 | $183.92 | $186.27 |  | Immediate | Primary |


**Internal Comments:**
No Stocking allowance
Send to customer on 11/4/2020

**External Comments**
Initial order not to exceed volume stated above
Future allocation to be mutually agreed upon
Service Level Penalties and Failure to Supply are not applicable until there is a second bona fide generic entrant into the market
No Distribution Center Returns

Thank you,

**Carl Mullner**
Manager, Pricing and Analytics
**Hikma**
Direct Desk: 1.908.673.1488
Extension: 701488
Cell: 484.888.4510
cmullner@hikma.com

200 Connell Drive, 4th Floor, Berkeley Heights, NJ 07922
Main: 1.908.673.1030
**www.hikma.com/us**

HIGHLY CONFIDENTIAL - AEO

HIK(ICO)-DE-00024176

# Exhibit H

* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 1

1        UNOFFICIAL DRAFT TRANSCRIPT

2

3    This transcript has not been checked, proofread or

4    corrected.  It is a draft transcript, NOT a

5    certified transcript.  As such, it may contain

6    computer-generated mistranslations of stenotype

7    code, resulting in inaccurate or nonsensical word

8    combinations, or untranslated stenotype symbols

9    which cannot be deciphered by non-stenotypists.

10   This is not an unusual process and these errors

11   and omissions will be corrected on the final

12   transcript, resulting in differences in page and

13   line numbers, punctuation, and formatting.  Please

14   do not try to bring these discrepancies to the

15   attention of the reporter.

16   This draft transcript is supplied to you on the

17   condition that upon receipt of the certified

18   transcript, this draft and any copies thereof (in

19   condensed format or otherwise) will be destroyed.

20   THE CERTIFIED TRANSCRIPT IS THE ONLY OFFICIAL

21   TRANSCRIPT WHICH MAY BE RELIED UPON FOR PURPOSES

22   OF VERBATIM CITATION OF TESTIMONY.

23

24

25

* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 2

1          P R O C E E D I N G S

2          (Technician read-on.)

3          THE VIDEOGRAPHER:  Here begins Media

4    Number 1 in the videotaped deposition of Hiroshi

5    Ishikawa in the matter of Amarin Pharma, Inc.,

6    et al., versus Hikma Pharmaceuticals USA Inc.,

7    et al., in the United States District Court for

8    the District of Delaware, C.A. Number

9    20-1630-RGA-SRF.

10         Today's date is Wednesday December 17th,

11   2025.  And the time on the video monitor is

12   11:04 a.m.

13         The videographer today is Sue Pybas

14   representing Planet Depos.

15         All parties of this deposition are

16   attending remotely.

17         Would counsel please voice-identify

18   themselves and state whom they represent.

19         MR. REIG:  This is Eimeric Reig of

20  Winston & Strawn for the defendants Hikma.

21      MR. GRAVELINE:  This is Brad Graveline

22  from Sheppard Mullin for the plaintiffs.

23      THE VIDEOGRAPHER:  The court reporter

24  today is Michelle Yohler.

25      The witness will now be.


* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 3


 1          EMI ARAKI,

 2  was thereupon sworn to interpret the proceedings

 3  of the deposition from English into Japanese and

 4  from Japanese into English.

 5          HIROSHI ISHIKAWA,

 6  called as a witness herein, having been first duly

 7  sworn through an interpreter, was examined and

 8  testified through an interpreter as follows:

 9          EXAMINATION

10  BY MR. REIG:

11      Q  Good morning, sir.  Could you please state

12  your full name for the record.

13      A  Hiroshi Ishikawa.

14      Q  And, Mr. Ishikawa, what is your city of

15  residence?

16      A  I live in Tochigi Prefecture, Japan.

17  T-o-c-h-i-g-i.

18    Q  And, Mr. Ishikawa, who is your current

19  employer?

20    A  Mochida Pharmaceutical.

21    Q  How long have you worked for Mochida

22  Pharmaceutical?

23    A  Approximately 40 years.

24    Q  What is your current position at Mochida

25  Pharmaceutical?


* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 4


1    A  Director.

2    Q  Is that your full title, or are you a

3  director of a particular segment or subject

4  matter?

5    A  I'm a director of an IP department or

6  division.

7    Q  And how long have you been director of the

8  IP department or division?

9    A  Approximately 20 years.

10    Q  Are you an attorney?

11    MR. GRAVELINE:  Objection to the form.

12  BY THE WITNESS:

13    A  I'm what's called benrishi,

14  b-e-n-r-i-s-h-i.

10  our objections.

11  BY THE WITNESS:

12      A  Well, I don't have a clear recollection on

13  the numbers and the contents herein, however, I

14  am -- I'm aware that I am designated for each of

15  them.

16  BY MR. REIG:

17      Q  Do you believe you're prepared to --

18      MR. GRAVELINE:  Can I interrupt for a

19  second?  I think we may have had a translation

20  issue on the last Q&A.

21      MR. REIG:  Okay.  Sure.  Do you want to

22  put something on the record or...

23      MR. GRAVELINE:  We're checking with the

24  translator.

25      CHECK INTERPRETER:  Can you repeat that?


* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 18


1      MR. GRAVELINE:  Maybe repeat your

2  question.

3  BY MR. REIG:

4      Q  Sure.  Do you understand that you have

5  been designated to testify subject to Mochida's

6  objections regarding Topic Number 17 that is shown

7  on Exhibit 1?

8      THE INTERPRETER: Should the main

9  translator translate this or would you like the

10  check interpreter err to translate this?

11      MR. GRAVELINE:  You can translate that.

12      THE INTERPRETER: Okay.

13  BY THE WITNESS:

14    A  Yes.

15      MR. REIG:  If we could introduce Tab D,

16  please, as Exhibit 2.

17      THE TECHNICIAN:  One moment.

18      (WHEREUPON, Ishikawa Exhibit No. 2 was

19  presented to the witness.)

20  BY MR. REIG:

21    Q  And stamped as -- strike that.

22      Mr. Ishikawa, we've introduced as

23  Exhibit 2 a document stamped AM_83 through 94

24  numbered United States Patent Number 9,700,537.

25      Do you recognize Exhibit 2?


* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 19


1    A  Yes.

2    Q  And if I refer to Exhibit 2 as the

3  '537 patent, will you understand?

4    A  Yes.



* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 20

2

* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 21

file:///wswmprisilona1/...iles/8.%20Depositions/Ishikawa,%20Hiroshi%2012-17-25/Ishikawa,%20Hiroshi%20121725%20Rough-Draft.txt[12/24/2025 10:43:56 AM]

20      MR. GRAVELINE:  Objection to the form.

21      THE INTERPRETER: Interpreter cannot hear

22   one word.  Interpreter would like to check with

23   Mr. Ishikawa.

24   BY THE WITNESS:

25

* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 27





* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 28





* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 29



7 █████████████████████████████████

8      MR. GRAVELINE:  Objection. .  Asked and

9  answered.

10  BY THE WITNESS:

11 ███████████████████████████

████████████████████████████████████

█████████████████████

14  BY MR. REIG:

15      Q ██████████████████████████

████████████████████████████████████

██████████████████████████████████

█ ██████████████████████████████

███████████████

█ ████████████████████████████████

███████████████████████████

███████████████████████████████

██████████████████

█ ██████████████████████████████

██████████████████████████████

* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 30

1 ███████████████████████████

████████████████████████████████

██████████████████████████████

7       MR. GRAVELINE:  Objection. .  Beyond the

8   scope.

9       THE INTERPRETER: So interpreter will

10   retranslate the question and the objection part.

11   BY THE WITNESS:

12   

25       MR. REIG:  Rob, could we scroll down to

* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 31

1   Item 30, foreign application priority on the

9 ███████████████████████████

███████████████████████████

█    ███████████████

█    ████████████████████████

███████████████

█    ████████

█    ███████████████████████

███████████████████████████

███████████████████████████

18     MR. GRAVELINE:  Objection to the form.

19   Foundation.  Beyond the scope.

20   BY THE WITNESS:

21    ████████████████████

███████████████████████████

███████████████

███████████████

█    ███████████████████████

* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 40

1   



3     MR. GRAVELINE:  Objection to the form.

4   Beyond the scope.

5   BY THE WITNESS:

4 ███████████████████████

  ██████████████████

6          MR. GRAVELINE:  Objection. .  Form.

7 Foundation.  Beyond the scope.

8 BY THE WITNESS:

9    █████████████████████

  ████████████████████

  ██████████████████████

  ██████████████████████████

  ████████████

14  BY MR. REIG:

15    █████████████████████

  ████████████████████

  ████████████████████████

  ████████████████

  █    █████████

  █    ████████████████████

  ████████████████████████

  ██████████████████

  █    ████████████████

  █████

  █    ████████████████████

* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *

13         MR. REIG:  That's all questions that I

14  have for you at this time, Mr. Ishikawa.  I want

15  to thank you for your time, which I greatly

16  appreciate.

17         Please translate that and then I'll make a

18  statement for the record.

19         Thank you.  And respectfully, we submit

20  that the witness was not prepared to testify

21  regarding at least topic numbers 17, 29, 31, and

22  32, and in particular, with respect to Topic

23  Number 17, the witness did not speak with any of

24  the five named inventors of the '537 patent and

25  did not have any knowledge about their conception,

* ROUGH DRAFT * HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY *
Page 114

1  reduction to practice, or inventorship of the

2  alleged invention.

3         And on that basis, and because plaintiffs

4  have failed to make the inventors of the

5  '537 patent available for deposition, we will hold

6  the corporate portion of the Rule 30(b)(6)

7  deposition open.

8         MR. GRAVELINE:  Yeah, I certainly disagree

9  with that.  The witness was extremely well