IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, MOCHIDA PHARMACEUTICAL CO., LTD.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>HIKMA PHARMACEUTICALS USA INC., and HIKMA PHARMACEUTICALS PLC,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 20-1630-RGA-SRF |

**MEMORANDUM ORDER**

At Wilmington this **6th** day of **January, 2026**, the court having considered the parties' discovery dispute letter submissions and associated filings (D.I. 276; D.I. 277; D.I. 278; D.I. 279; D.I. 280; D.I. 281; D.I. 282), IT IS ORDERED that the disputes raised in the pending joint motion for teleconference to resolve discovery dispute, (D.I. 271), are resolved as follows:

**1. Background.** Plaintiffs manufacture and sell Vascepa®, a branded drug containing the active ingredient icosapent for the treatment of severe hypertriglyceridemia (the "SH Indication") and cardiovascular risk reduction in statin-treated patients (the "CV Indication"). (D.I. 17 at ¶ 56; D.I. 97 at 4) Hikma received approval from the Food and Drug Administration ("FDA") to manufacture a generic version of icosapent ethyl for the SH Indication under a "skinny label," which removes the portions of Plaintiffs' drug label associated with the patented CV Indication. (D.I. 17 at ¶¶ 11, 95, 108); 21 U.S.C. § 355(j)(2)(A)(viii). Nonetheless, Plaintiffs assert causes of action against Hikma for induced infringement of two patents describing methods of using icosapent ethyl for the CV Indication, alleging that Hikma actively

induces doctors and patients to infringe by administering the generic icosapent ethyl for the patented CV Indication. (D.I. 17)

2. ***Hikma's motion for a protective order barring the depositions of Kali Long and Steven Simone is DENIED without prejudice, and Plaintiffs' motion to compel the depositions and custodial documents of Long and Simone on or before January 23, 2026 is GRANTED-IN-PART.*** Plaintiffs move to compel the depositions of Kali Long, Hikma's director of sales at the time Hikma's product was launched, and Steven Simone, a senior product manager in charge of Hikma's product launch. (D.I. 278 at 1; D.I. 277, Ex. F) In response, Hikma contends that the relief sought by Plaintiffs is untimely, irrelevant, and cumulative. (D.I. 280 at 1) For the following reasons, Plaintiffs' motion to compel Simone's deposition and the production of Simone's custodial documents is GRANTED, and their motion to compel Long's deposition and custodial document production is DENIED without prejudice. Hikma's motion for a protective order is DENIED as moot based on the court's disposition of Plaintiffs' motion to compel.

3. Hikma contends that Plaintiffs' notices of deposition for Long and Simone were untimely because they were served on December 12, 2025, the last day of fact discovery, and Plaintiffs should have been aware of the relevance of these individuals from documents produced in July of 2025. (D.I. 276 at 3; *see* D.I. 267; D.I. 268) This argument is not persuasive. Hikma does not deny Plaintiffs' assertion that Simone and Long were not identified in Hikma's initial disclosures, as ESI document custodians, or in response to Plaintiffs' interrogatories. (D.I. 278 at 1, Ex. F; D.I. 280 at 3) Instead, Hikma maintains that Plaintiffs should have understood the relevance of Simone and Long's testimony based on its production of nearly 25,000 pages of documents in July of 2025. (D.I. 276 at 3; Ex. E) A review of certain documents from this production confirms that many Hikma employees associated with the product launch and press

2

releases were disclosed in these documents along with Simone and/or Long. (D.I. 279, Exs. W, X, Y) On this record, the court is persuaded by Plaintiffs' representation that they were not aware of Simone and/or Long's significance until the recent deposition testimony of Alex Raya, Naveen Kommajosyula, and Kevin Vorderstrasse. (D.I. 278 at 2-3; Exs. K, L, M)

4. Hikma's own characterization of the nature of this case also undermines its position that Simone's testimony would be irrelevant. According to Hikma, Plaintiffs are proceeding on the theory that "doctors and patients were induced to infringe by vague statements in Hikma's pre-launch press releases referring to Hikma's product as a 'generic version' of Vascepa; Vascepa's annual sales quoted in those press releases; and a reference on Hikma's website to 'Hypertriglyceridemia' (but not the CV Indication)." (D.I. 280 at 2) It follows that individuals acquainted with Hikma's pre-launch press releases and other promotional materials or sales forecasts associated with the launch of Hikma's product would have testimony relevant to the remaining issues in the case.

5. Deposition testimony from Raya and Kommajosyula confirms that Simone likely has relevant information on Hikma's product launch and the education of the sales team on uses of Hikma's product beyond the testimony already provided by Raya, Kommajosyula, and Vorderstrasse. (D.I. 278, Ex. K at 43:8-44:6, 122:15-22, 135:15-17, 185:1-10, 188:11-25; Ex. L at 25:15-26:19, 73:10-74:12) For example, Raya testified that Simone was likely to know when the pipeline team anticipated launching icosapent ethyl in 2021, but Raya confirmed that he did not speak with Simone in preparation for his deposition. (*Id.*, Ex. K at 122:15-22, 135:15-17) Similarly, Kommajosyula testified that Simone and the pipeline team were responsible for forecasting the icosapent product launch and for educating the sales team on the uses for the generic icosapent product. (*Id.*, Ex. L at 25:15-26:14, 73:10-74:12) It is also unlikely that

3

Simone's testimony will be cumulative of other witnesses' testimony because Simone was employed in a relevant capacity at the time of Hikma's product launch, unlike Kommajosyula and Vorderstrasse.[1] (D.I. 278, Ex. L at 11:10-12:6; D.I. 279, Ex. V at 60:5-23) Therefore, Plaintiffs' motion to compel is GRANTED with respect to Simone's deposition testimony and the production of his custodial documents.

6. Plaintiffs' motion to compel the deposition testimony and production of custodial documents from Kali Long is less persuasive. There is no dispute that Plaintiffs deposed Long's supervisor, Christopher Rector. (D.I. 279, Ex. Z) In a footnote, Plaintiffs contend that additional testimony is needed because none of the five sales representatives who reported to Rector were identified as custodians. (D.I. 279 at 2 n.1) However, Plaintiffs attach only two pages of Rector's substantive deposition testimony and do not identify any questions Rector was unable to answer. (D.I. 279, Ex. Z) The limited excerpts Plaintiffs provide from Rector's deposition transcript confirm that Rector himself had direct communication with customers. (*Id.*, Ex. Z at 14:16-21) Rector's former manager, Kristy Ronco, may also provide responsive information during her upcoming deposition on January 8, 2026. (D.I. 276 at 1) Moreover, Hikma's interrogatory responses identify Alex Raya as having information regarding customer relationships and the commercialization of Hikma's product. (D.I. 278, Ex. F) Although Raya identified Simone by name multiple times during his deposition, he did not do the same with Long. (*Id.*, Ex. K; D.I. 279, Ex. V) On this record, the court finds that Long's testimony and custodial documents are likely to be cumulative of existing evidence. Consequently, Plaintiffs'

---

[1] Hikma's briefing on this dispute does not identify Kommajosyula or Vorderstrasse by name, nor does it address Raya's testimony that he did not speak to Simone in preparation for his deposition. (D.I. 276; D.I. 280) Hikma does not adequately address why Simone was not formally disclosed earlier in discovery, aside from his name appearing in a voluminous document production.

4

motion to compel is DENIED with respect to Long's deposition testimony and the production of her custodial documents.

   **7. *Hikma's motion to preclude Plaintiffs from calling trial witnesses who were not timely made available for deposition before trial is DENIED without prejudice.*** Hikma moves to preclude Plaintiffs from calling six Japanese witnesses at trial who were not made available for deposition, including four named inventors (Hideki Origasa, Masunori Matsuzaki, Yuji Matsuzawa, and Yasushi Saito), and two current employees of Mochida (Reiko Nakano and Osamu Yamashita).[2] (D.I. 279, Ex. AA) Hikma's letter brief does not clearly distinguish between the third-party inventors and the current employees of plaintiff Mochida. (D.I. 276 at 4)

   **8.** Hikma asks the court to apply a recent ruling in *Pierre Fabre Medicament SAS v. Rubicon Research Prvt. Ltd.* to the facts of this case, but it does not address several key differences. C.A. No. 24-811-JLH-SRF, D.I. 116 (D. Del. Nov. 7, 2025). In *Pierre Fabre Medicament*, the named inventors were employed by the plaintiffs and had executed assignment agreements for the patents-in-suit in which they agreed to testify in support of the patents. *Id.* It was in this context that the defendant moved to compel the depositions of the foreign inventors. *Id.* Here, in contrast, the four named inventors are not currently employed by Plaintiffs, and there is no evidence that they executed assignment agreements with comparable language. And instead of seeking to compel the inventors' depositions, Hikma moves to preclude Plaintiffs from calling these individuals as witnesses at trial. (D.I. 276 at 4) Hikma cites no authority to support the requested relief under facts comparable to those presented here.

---

[2] A seventh Japanese witness, Hiroshi Ishikawa, was deposed as a 30(b)(6) witness. (D.I. 276, Ex. G at 31; D.I. 277, Ex. H; D.I. 279, Ex. DD at 8)

9. Moreover, there is no evidence that Hikma diligently pursued the depositions of the four named inventors. Plaintiffs served supplemental initial disclosures on September 5, 2025 which identified the inventors and set forth the address of their counsel. (D.I. 279, Ex. AA) More than two months later, Hikma attempted to serve subpoenas for these inventors on Plaintiffs' counsel, instead of the inventors' own counsel. (*Id.*, Exs. CC, DD) There is no evidence on the present record that Hikma successfully served subpoenas on the four named inventors.

10. Hikma's requested relief is also DENIED with respect to the two current Mochida employees. There is no dispute that Hikma served 30(b)(1) deposition notices on current Mochida employees Reiko Nakano and Osamu Yamashita. (D.I. 279, Ex. BB) Plaintiffs offered to make their non-officer employees available for deposition in Japan, either in-person or remotely, at the U.S. Embassy. (*Id.*, Ex. DD) Hikma rejected this offer and insisted that the witnesses be produced for deposition in the United States. (*Id.*) But the scheduling order provides that only a "party or representative (officer, director, or managing agent) of a party" is required to submit to a deposition within this district, and Hikma has made no showing that the 30(b)(1) deponents fall within these categories. (D.I. 167 at ¶ 5(f)(ii)); *see Ethypharm S.A. France v. Abbott Labs.*, 271 F.R.D. 82, 90 (D. Del. 2010) (explaining that "[a] 30(b)(6) witness is speaking for the corporation, and this testimony must be distinguished from that of a mere corporate employee whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena." (internal citations and quotation marks omitted)). The record suggests that Hikma abandoned its pursuit of these depositions instead of continuing to seek the depositions under the proper procedure. Hikma's letter submission fails to identify any basis for deposing these witnesses or precluding them from testifying.

11. ***Plaintiffs' motion to extend fact and expert discovery deadlines is GRANTED.***
Hikma confirms that it does not oppose Plaintiffs' proposed schedule to extend the fact discovery deadline and deadlines for the exchange of expert reports as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of fact discovery (limited) | 12/12/2025 | 1/23/2026 |
| Opening expert reports due | 1/9/2026 | 1/30/2026 |
| Rebuttal expert reports due | 2/13/2026 | 2/27/2026 |
| Reply expert reports due | 3/13/2026 | 3/20/2026 |
| Close of expert discovery | 4/3/2026 | 4/3/2026 |

(D.I. 280 at 1) The court will modify these deadlines accordingly.

12. ***Plaintiffs' motion to compel the deposition of Chrysoula Koukoutsis is GRANTED.*** The record before the court confirms that Hikma does not object to a deposition of Koukoutsis, and the deposition is scheduled to go forward on January 23, 2026. (D.I. 280 at 1; D.I. 282) Therefore, the requested relief is GRANTED.

13. ***Plaintiffs' motion to compel Hikma to produce updated financial documents is GRANTED-IN-PART.*** Plaintiffs contend that Hikma should be compelled to produce updated financial documents referenced in recent depositions. (D.I. 278 at 3-4) Under Rule 26(e), the parties are required to supplement or correct their discovery responses upon learning that "in some material respect the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(A). Hikma does not oppose supplementing its production of financial documents. (D.I. 280 at 1) Therefore, both sides shall supplement their production of financials and other documents on or before January 20, 2026 pursuant to Rule 26(e).

14. To the extent that Plaintiffs seek supplementation of specific subcategories of documents identified in their proposed order, the court finds no evidence that the parties have met and conferred on those specific requests. The parties' joint motion for a discovery dispute

7

teleconference states only that Plaintiffs seek an extension of the fact discovery deadline "for Defendants to complete their production of documents . . . previously requested by Plaintiffs," without specifically identifying a motion to compel the production of documents or describing any of the listed subcategories of documents. (D.I. 271 at 1) On or before January 13, 2026, the parties shall meet and confer on the subcategories of documents identified at paragraph 4 of Plaintiffs' proposed order. In the unlikely event that the parties cannot agree on the supplementation, the parties are directed to follow the court's discovery dispute procedures.

**15. Conclusion.** For the foregoing reasons, IT IS ORDERED that:

  a. Hikma's motion for a protective order barring the depositions of Kali Long and Steven Simone is DENIED without prejudice.

  b. Plaintiffs' motion to compel the deposition of Steven Simone and the production of Simone's and custodial documents is GRANTED. Simone's deposition shall occur on or before **January 23, 2026**, and his custodial documents shall be produced no less than **one week prior to his deposition**.

  c. Plaintiffs' motion to compel Kali Long's deposition and the production of her custodial documents is DENIED without prejudice.

  d. Hikma's motion to preclude Plaintiffs from calling trial witnesses who were not timely made available for deposition before trial is DENIED without prejudice.

  e. Plaintiffs' motion to extend fact and expert discovery deadlines is GRANTED as follows:

| EVENT | DEADLINE |
|---|---|
| Close of fact discovery (limited) | 1/23/2026 |
| Opening expert reports due | 1/30/2026 |
| Rebuttal expert reports due | 2/27/2026 |
| Reply expert reports due | 3/20/2026 |
| Close of expert discovery | 4/3/2026 (unchanged) |

f.  Plaintiffs' motion to compel the deposition of Chrysoula Koukoutsis is GRANTED in accordance with the parties' agreement to depose Koukoutsis on **January 23, 2026.**

g.  Plaintiffs' motion to compel Hikma to produce updated financial documents is GRANTED-IN-PART. The motion is GRANTED to the extent that both sides shall supplement their production of financials and other documents on or before **January 20, 2026** pursuant to Rule 26(e). The motion is DENIED without prejudice regarding the specific subcategories of documents listed in paragraph 4 of Plaintiffs' proposed order because the parties have not met and conferred on the matter. (D.I. 278) IT IS ORDERED that, on or before **January 13, 2026**, the parties shall meet and confer on Plaintiffs' proposed subcategories of documents.

IT IS FURTHER ORDERED that the discovery dispute teleconference set for January 8, 2026 at 3:00 p.m. is CANCELLED.

16. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **January 13, 2026**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material

9

would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**17.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**18.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge